(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

---

JONES v. STANKO, Admx.

Ohio Supreme Court.

No. 20541. Decided Jan. 25, 1928.

Error to Mahoning Appeals.

Judgment affirmed.

292a. CONTAGIOUS DISEASES—Sec. 4427 GC. requires physician to report to health officer on knowledge or suspicion.

920. PHYSICIANS AND SURGEONS—829. Negligence—Duty of, when treating smallpox, to notify other persons known to be in dangerous proximity. Failure constitutes negligence.

225. CHARGE OF COURT—Where evidence tends to show smallpox in doctor's patient, failure to charge as to doctor's obligations constitutes prejudicial error.

KINKADE, J.

1. Section 4427, General Code, requires every physician to report to the health officer within whose jurisdiction such person is found, any case of contagious disease such as smallpox, which he knows exists or has reason to suspect exists in any patient to whom he renders medical treatment.

2. It is the duty of a physician who is treating a patient afflicted with smallpox to exercise ordinary care in giving notice of the existence of such contagious disease to other persons who are known by the physician to be in dangerous proximity to such patient; and a failure to discharge this duty will constitute negligence on the part of the physician available to any person in the recovery of damages resulting directly and proximately from such neglect on the part of the physician.

3. In a case where the evidence tends to prove that a contagious disease such as smallpox was present in the doctor's patient, and that the symptoms and conditions attending were such as to challenge the doctor's attention thereto, it is the duty of the trial court, when so requested, to properly charge the jury as to the doctor's obligations in that respect, and a refusal so to charge will constitute prejudicial error.

(Marshall, CJ., Day, Allen, Robinson, Jones and Matthias, JJ., concur.

# OPINIONS

STATE ex SPIRES v. ALLREAD et.

Ohio Supreme Court.

No. 20636. Decided Dec. 21, 1927.

In Prohibition.

Writ denied.

Syllabus by Editorial Staff.

681. JURISDICTION—Right against property in custodia legis must be worked out through court which has custody and control.

Matthew L. Bigger, Columbus, for plaintiff.
Edward C. Turner, attorney general, and C. S. Younger, Columbus, for defendants.
BY THE COURT.

The writ of prohibition prayed for in this case against the members of the Court of Appeals of Franklin county, Ohio, and William C. Safford, superintendent of insurance of the state of Ohio, is denied upon the authority of Hirsch v. Conn, 115 Ohio St., 87, and for the further reason that the property in which relator seeks to reach an interest in order to satisfy a claim against one of the policyholders in the Great American Insurance Company is in custodia legis, and whatever rights, if any, relator may establish in the property and assets of the insurance company may be worked out, and, under well established equitable principles, can only be worked out through the court which has custody and control of said property, and, further, has the right to make distribution thereof.

(Marshall, CJ., Day, Allen and Kinkade, JJ., concur. Jones, J., concurs in the judgment.)