## CULP v HECHT et

Ohio Appeals, 5th Dist, Richland Co

Decided Sept 20, 1932

Culp & Rust, Mansfield, for plaintiff in error.

Nist & O'Donnell, Mansfield, for defendants in error.

SHERICK, PJ.

The demurrer filed in this case alleged that the trial court had no jurisdiction of the subject of the action, and that the petition of the plaintiff did not state facts which show a cause of action. It is the thought of the plaintiff in error that he is unable to procure adequate relief in a court of law and that such relief is only procurable in a court of equity, in an action in the nature of a creditor's bill, as herein filed. We are unable to have this understanding of the situation. It was not the intention of the Legislature by the enactment of §11760, GC, to take away any rights that existed at common law in the nature of a creditor's bill. It, in fact, recognizes and prescribes by statute the remedy previously recognized in equity, and the Legislature in the enactment of the statutes in aid of execution provided the judgment creditor with an additional and prompter remedy in the same action after judgment. This was unknown to the common law.

Now it appears from the petition filed in this case that the plaintiff in error had commenced a proceeding in aid of execution in the Municipal Court of the city of Mansfield, Ohio, and that this action was pending and undisposed of at the time of the filing of the petition in this case in the Court of Common Pleas.

The defendants in error call our attention to §1579-984, GC, which pertains to the jurisdiction of the Municipal Court of Mansfield, Ohio. Subsection 4 thereof provides: "In all actions and proceedings in the nature of creditors' bills and in aid of execution, to subject the interest of a judgment debtor in personal property in the payment of a judgment of the Municipal Court, and in such cases the court may proceed to marshall and foreclose all liens thereon, irrespective of amount and all rights vested or contingent, therein."

It, therefore, appears that there is granted jurisdiction to the Municipal Court of Mansfield in a proceeding in the nature of a creditor's bill, in addition to the rights conferred upon a judgment creditor by the statutes in aid of execution.

It, therefore, seems that the plaintiff in error elected to pursue in the Municipal Court of Mansfield the remedy of a proceeding in aid of execution. He thereafter commenced this action in the Court of Common Pleas. It seems obvious to us that he could not pursue both remedies at the same time, and we would point out that it is a well-settled rule of law that where courts have concurrent jurisdiction of the subject-matter the court whose power is first invoked by a proper proceeding and service of process acquires the right to exercise jurisdiction therein and to adjudicate the matter to the exclusion of a concurrent tribunal; and this being true, the choice having been made, it follows that one must exhaust his remedy therein before invoking the jurisdiction of another court.

It is unnecessary in this matter for us to determine the question whether a judgment creditor must exhaust a legal remedy before resorting to a court of equity for relief, and we therefore do not enter upon a discussion of that question.

It is, therefore, our conclusion that the plaintiff in error, having chosen the remedy of a proceeding in aid of execution in the Municipal Court was not thereafter at liberty to commence this action, but is bound by his election.

There appears another excellent reason why this petition does not state a cause of action. It is therein recited that J. Vern Finney, as clerk of the Municipal Court of Mansfield, Ohio, has or will have in his possession, or under his control, funds belonging to the said E. P. Bowden, recovered in an action in said court wherein E. P. Bowden was plaintiff and the Mansfield Memorial Tablet Company was defendant. It is, therefore, pleaded that the funds which the plaintiff in error seeks to secure in the satisfaction of his judgment are in custodia legis. The clerk is an officer of that court, and it seems highly improper that another court should attempt to control funds in the first court's possession, of which it is entitled to make an order of distribution. It is the law that such money must have its application and priorities worked out through the court which has custody and control thereof. This rule is recognized in the case of **State ex Spires v Allread, 117 Oh St, 584, 160 NE, 26.**

It must, therefore, follow that the judgment in this case must be affirmed.

MONTGOMERY and LEMERT, JJ, concur.