**MARCHESI, Plaintiff, v. FELGENHAUER, et, Defendants.**

Common Pleas Court, Tuscarawas County.

No. 28903.   Decided November 24, 1948.*

30

*No appeal taken, approved by the Court of Appeals in refusing a writ of prohibition in an independent action.

Fisher, Smith & Renner, New Philadelphia, for plaintiff.
C. P. Hoffman, New Philadelphia, for defendants.

## OPINION

By LAMNECK, J.

The plaintiff in this action filed his petition in this court on November 9, 1948, against the defendant, Dennis W. Felgenhauer, asking for the foreclosure of a chattel mortgage, judgment on two promissory notes, judgment on a loan of money, an accounting growing out of a lease between the plaintiff and the defendant, Dennis W. Felgenhauer, the cancellation of said lease, and for the appointment of a receiver for certain mortgaged and other property.

The matter is now before this Court on the application of the plaintiff for the appointment of a temporary receiver.

It appears from the petition and the brief of the defendants, that Dennis W. and Mary M. Felgenhauer made a deed of assignment to Arthur L. Limbach, one of the defendants herein, for the benefit of the creditors of said Dennis W. and Mary M. Felgenhauer, on October 28, 1948; that thereafter on October 29, 1948, at 12:10 P. M., the same was filed in the Probate Court of this County; and that on November 10, 1948, Arthur L. Limbach gave bond and qualified as the assignee for the benefit of the creditors of Dennis W. Felgenhauer and Mary M. Felgenhauer.

It appears from the petition that the defendant Dennis W. Felgenhauer, was a lessee of a farm owned by the plaintiff; that in the transactions between the lessee and the lessor, certain chattel property located on and used in operation of the farm in question was owned jointly by them; and that the plaintiff has a chattel mortgage not only on the undivided interest of the defendant, Dennis W. Felgenhauer, in this property, but also on chattel property owned exclusively by the said Dennis W. Felgenhauer.

The defendants oppose the appointment of a temporary receiver, contending that the Probate Court has prior and exclusive jurisdiction.

It is the rule that where a court of competent jurisdiction has acquired possession of the subject-matter of litigation, and the right of a party to prosecute his action has once attached, the right of the court to retain the case, and of the party to prosecute it, can not be defeated by the institution

of proceedings in another court, although of concurrent and co-ordinate jurisdiction. But this rule has no application where the powers of the court first acquiring control of the subject of the litigation are so far limited, or defective, as to be unable to afford that relief to the parties to which they are either legally or equitably entitled. (**Dwyer v. Garlough, 31 Oh St 158; Robinson v. Williams, 62 Oh St 401**).

The court is of the opinion that the probate court, from the allegations contained in the petition, cannot afford the relief to the parties to which they are either legally or equitably entitled.

The assignment in the probate court as shown by the brief of the defendants is not that of Dennis W. Felgenhauer alone, but of Dennis W. and Mary M. Felgenhauer. If Mary M. Felgenhauer has any interest in the property listed in the petition, then the probate court would be confronted with a determination of the interests of three different parties, in a complex situation.

While it is true that the filing of a deed of assignment in the probate court and the qualification of the assignee gives the probate court jurisdiction of the real as well as of the personal property conveyed with power to order sale and to order payment of the incumbrances thereon, and that such jurisdiction cannot be ousted by the commencement of an action by a mortgagee to foreclose his mortgage (**Havens v. Horton, 53 Oh St 342**), yet such pronouncement can have no application where an undivided interest in chattel property has been assigned and the mortgagee is the owner of other undivided interest, for the reason that the probate court has no jurisdiction over the undivided interest not embraced or included in the assignment. No general power has been conferred on the probate court to sell chattels not the property of the assignor.

If the contention of the defendants is to be maintained, the plaintiff would be compelled to divide up his remedy on his mortgage by becoming a suitor in two courts instead of one, viz., in the probate court on that part of the chattel property covered by the mortgage in which the assignor was the sole owner, and in the court of common pleas on that part of the chattel property owned jointly by the plaintiff and the assignor. He has the right to resort to the court that has jurisdiction to afford him a full and complete remedy on his mortgage in one suit.

It will therefore be ordered that a temporary receiver be appointed for the property covered by the chattel mortgage

in question, to continue in office until the issues in this case are determined or until further order of the court.

Exceptions noted.