**STRAWSER, Plaintiff, v. STANTON et, Defendants.**

Common Pleas Court, Madison County.

No. 19338.   Decided February 15, 1952.

John M. Scott, Columbus, John R. Schickler, Columbus, for plaintiff.
William S. Culp, West Jefferson, for defendants.

**OPINION**

By BELL, J.

This matter came on to be heard on the defendant's motion to quash service of summons herein and to dismiss plaintiff's petition.   The question was submitted upon the memoranda of counsel.

The pertinent facts involved are as follows: Cassie Stanton died intestate on the 12th day of February, 1946, seized ot the

real estate described in plaintiff's petition. On July 1, 1946, Lawrence Stanton was appointed Administrator of her Estate by the Probate Court of Madison County and appraisers were appointed. On August 31, 1951, an inventory of the estate was filed, which inventory was approved on October 3, 1951. Prior to the approval of the inventory, on September 4, 1951, Lawrence Stanton, as surviving spouse, filed his petition in the Probate Court to purchase the mansion house at the appraised value under §10509-89 GC, describing in his petition the same land described in the petition of the plaintiff herein. Summons was had in the action in the Probate Court and the plaintiff herein has answered in that action.

Under these facts, does this Court have jurisdiction to entertain an action in partition?

The third syllabus in the case of **Hatch, Exr., v. Tipton, 131 Oh St 364,** reads as follows:

"Where an action in partition has been instituted following the death of a co-owner, and subsequent thereto the Executor or Administrator of such deceased co-owner institutes land sale proceedings under §10510-10 GC, the latter supercedes and prevails over the former."

**A fortiori,** a suit to sell to pay debts filed prior to an action in partition will prevent the Common Pleas Court from taking jurisdiction in partition.

It is contended by counsel for defendants that a suit by the surviving spouse to purchase the mansion house has the same effect as a suit to sell to pay debts.

The court in the Hatch case, supra, said:

"A right which is not absolute but is dependent for its existence upon the action or inaction of another is not basic or vested, and deprivation thereof does not constitute a deprivation of property. A legislative enactment which interferes with or modifies the right to partition does not invade property rights and is not in derogation of the constitutional provision against deprivation of property without due process of law."

**Sec. 10509-89 GC** creates an absolute right in the surviving spouse to purchase certain property. This right modifies or interferes with the right to partition, and it is the opinion of this Court that the exercise of this right by the surviving spouse deprives this Court of any jurisdiction in partition. Surely it can not be said that if the surviving spouse properly elects to exercise the absolute right given him by §10509-89 GC this Court could proceed to partition that same property he has elected to purchase.

The editor of Page's Code has this comment to make in the annotation following **§10509-89 GC:**

"If the spouse elects to take the property according to the provisions of the statute, the heirs are divested of all title. If the spouse does not, then title in the heirs becomes absolute."

Plaintiff contends that the right of the surviving spouse cannot be recognized because it was not timely exercised; that since it was not exercised within sixty days after the appointment of an Administrator the right no longer exists. The Court assumes that this contention is based on a requirement of the Probate Code concerning the time of filing an inventory. Sec. 10509-89 GC requires that the election to purchase be made at any time within one month from the approval of the inventory. The election was made prior to the approval of the inventory and so satisfies that requirement of the statute. If the inventory was not filed within the time it should have been filed, plaintiff's remedy was in the Probate Court, either to require the filing of an inventory or to object thereto when filed. Failure of the Administrator to act promptly, if he did so fail, can not be taken advantage of in this Court by means of a partition action.

Counsel for plaintiff has cited the case of **In re Estate of Burgoon, 80 Oh Ap 465,** for the proposition that land other than that actually used as a mansion house can not be purchased at the appraised value by the surviving spouse. And it is true that the case is proper authority for that proposition, but it is also illustrative of the proposition that a suit by the surviving spouse to purchase the mansion house filed **after** a partition suit will oust the Common Pleas Court of its jurisdiction in partition, at least to the extent of the property properly included in the election to purchase. The descriptions in the two petitions involved here are identical. They are of a small tract, six acres, in the center of which is situated the house in which the decedent and her family resided. If the land sought to be purchased by the surviving spouse is in excess of that to which he is entitled plaintiff may object in the Probate Court and that is a question to be decided by that court.

Our Second District Court of Appeals in the case of **Shively v. Shively, 88 Oh Ap 7,** at **page 17,** said:

"The jurisdiction of the court first acquiring control over the subject of the litigation will be required to yield to a second action **only** where the court in the second action has the power to grant **all** the relief asked in the first suit and some additional remedy, in which its jurisdiction is found to be more adequate and complete." (Emphasis added.)

This Court does not have the power to grant all the relief asked for in the first suit. It has no power to set off to the

surviving spouse the property which he is permitted to elect to take at the appraised value. Furthermore, the partitioning of this property by this Court would deprive the Probate Court of its jurisdiction over all the assets of this estate. And this Court has no power to set off a year's allowance, determine administrator's or attorney's compensation, determine inheritance tax, or any of the other matters incident to the administration of a decedent's estate.

It is the opinion of this Court that the suit in the Probate Court deprives the Common Pleas Court of its power to take jurisdiction over the subject matter set up in plaintiff's petition, and that defendants' motion should be sustained and plaintiff's petition dismissed.

Counsel for defendants may prepare an entry accordingly, noting plaintiff's exceptions, and submit the same to counsel for plaintiff and to the Court for approval.