**SORRELS**, Plaintiff, v. **PUGLIESI** et. Defendants.

Common Pleas Court, Montgomery County.

No. 106309.   Decided October 30, 1953.

Otterbein Creager, Dayton, for plaintiff.
Morris M. Gitman, Dayton, for defendant, August Pugliesi.

## OPINION

By McBRIDE, J:

This matter was submitted to the Court on the motion of defendant to dissolve the temporary order heretofore issued restraining the defendant and a judge of the Dayton Municipal Court from proceeding in an action in forcible entry and detainer, being Case No. C-32645 in the Dayton Municipal Court.

The petitioner alleges that the action in forcible entry and detainer was wrongfully and illegaly brought in the Dayton Municipal Court.

It was stipulated at the hearing that the land contract contained the following provision:

"Upon termination of this agreement, the seller shall have the right to re-enter upon said premises and take possession thereof and the sellers and those claiming under him shall proceed to recover possession of said premises under laws regulating proceedings in forcible entry and detainer in any court having jurisdiction over the property described herein."

It is well established that such a provision authorizes forcible entry and detainer in the municipal court. **Huddleston v. Ward, 33 O. O. 489, 46 Abs 225, 68 N. E. 2d 580. Adair v. Crepps, 81 Oh Ap 136, 36 O. O. 446.** Consequently, the petitioner here has failed to establish that the action in forcible entry and detainer was wrongfully filed in the Dayton Municipal Court.

It is true that "Where a court of law and a court of equity have concurrent jurisdiction over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which

a party has the right to demand and which a court of equity is fully competent to give. In such case, a court of equity is clothed with complete jurisdiction, and, if necessary, to the full protection of the rights of a party, will enjoin further proceedings in the action at law. In so doing, it but exercises that jurisdiction very commonly and properly resorted to in cases where there is no specific, adequate, and complete remedy at law." **21 O. Jur. 213.**

Therefore, the question is—does the municipal court have power to afford the defendant complete relief in the forcible entry and detainer action?

The equitable provisions for municipal courts of Ohio under the former separate acts were surprisingly similar. The Dayton act provided for reformation and cancellation in a cause "arising out of contract." **Sec. 1579-51 GC.** The acts for Cleveland and Columbus were substantially the same except for the inclusion of accounting. **Secs. 1558-51 and 1579-6 GC.** Other acts used the expression "founded on contract." **Sec. 1579-237 GC.** Cleveland was a noteworthy exception because of the grant in actions at law of jurisdiction "of which the courts of common pleas of the County of Cuyahoga have * *. * jurisdiction." **Sec. 1579-6(2) GC.**

In **Commonwealth Oil Company v. Turk, 118 Oh St 273,** the court sustained the right of appeal from a municipal court directly to the court of appeals under the Constitution of Ohio even though the Legislature had failed to provide a remedy for the exercise of such appellate jurisdiction. In so holding in an action in which the plaintiff sought to set aside a deed, the court made the following comment upon the jurisdiction of the Municipal Court of Cleveland:

"The municipal court act of Cleveland confers upon the nisi prius judges of that court fairly wide jurisdiction in law and chancery and in civil and criminal cases, being confined in its civil jurisdiction to the limits of that municipality. In that respect its jurisdiction is somewhat analogous to that formerly conferred upon the superior court of Cincinnati."

Chief Justice Marshall, who with Judge Kinkade, dissented, stated:

"It is not doubted that this was a chancery case in the Municipal Court of Cleveland. It is not doubted that the Legislature had conferred jurisdiction upon the Municipal Court of Cleveland to hear and determine certain classes of chancery suits. It is not doubted that the Legislature had a right to confer such jurisdiction."

In sustaining the limited equitable jurisdiction of the Municipal Court of Dayton, Judge Wiseman in 1928 made the following comment in Marshall v. Neff, 27 O. N. P. (N. S.) 125:

"The court, in considering this question, has come to the conclusion that the equity powers of the Municipal Court of Dayton under this section (§1579-51 GC) are much broader than the judges of this court and the members of the bar have heretofore believed."

\* \* \* \*

The foregoing, former provisions are extended by paragraph three of Section 1901.18 (1594) of the Municipal Court Act of 1951.

"In any action at law based on contract, THE COURT SHALL HAVE JURISDICTION TO DETERMINE, PRESERVE, AND ENFORCE ALL RIGHTS, LEGAL AND EQUITABLE, INVOLVED THEREIN, and to decree an accounting, reformation, or cancellation of the contract, AND TO HEAR AND DETERMINE ALL LEGAL AND EQUITABLE REMEDIES NECESSARY OR PROPER FOR A COMPLETE DETERMINATION OF THE RIGHTS OF THE PARTIES THERETO;" (Emphasis ours.)

The language used by the Legislature is so broad that it must be construed as granting full, adequate and complete powers in equity in any action "at law based on contract." The repetition of the expression all legal and equitable rights and all legal and equitable remedies is unqualified.

\* \* \* \*

The action in forcible entry and detainer herein is based upon the termination of a written contract. Where the action involves a termination of a land contract, the plaintiff must establish that he has a contract and that this contract contains a provision authorizing repossession or other provision which would permit the use of forcible entry and detainer. Under such circumstances, the right to possession is based on contract and the action in forcible entry is one at law.

Where a vendor of a land contract brings a forcible entry action in municipal court, the defendant-purchaser has an adequate remedy and forum in which to assert his equitable defenses and initiate such affirmative action, legal or equitable, as may be required.

The petitioner in this case requests only such relief as is expressly within the jurisdiction of the municipal court. The provision authorizing equitable jurisdiction in the municipal court act is specific, adequate and complete in the present situation.

As between courts of concurrent jurisdiction, the one whose power is first invoked acquires the right to adjudicate the controversy to the exclusion of other tribunals. Where express jurisdiction of the municipal court is specific and adequate to afford full relief in a particular case, its jurisdiction is con-

current with that of the common pleas court even though the municipal court is otherwise one of limited jurisdiction.

The motion to dissolve the restraining order is sustained. **Moraldo v. Hendricks, 90 Oh Ap 436, 48 O. O. 109.**

An entry may be prepared accordingly.