**NEMETH, Plaintiff, v. BITTIKOFER, Defendant.**

Common Pleas Court, Cuyahoga County.

No. 648957.   Decided November 13, 1953.

88

Sindell & Sindell, Crossen & Chamberlin, Cleveland, for plaintiff.

Arter, Hadden, Wykoff & Van Duzer, Cleveland, for defendant.

## OPINION

By THOMAS, J:

On March 18, 1953, plaintiff Nemeth sued defendant Bittikofer in this court. She says that she suffered personal injuries in an accident on November 17, 1952, which involved an automobile driven by herself and an automobile operated by Bittikofer. Claiming that she was hurt by reason of Bittikofer's negligence in operating his automobile, she prays for $5,000.00.

Afterwards on May 5, 1953, in the Municipal Court of Lakewood Bittikofer sued Nemeth for damage to his automobile growing out of the above accident. Claiming that Nemeth was negligent in operating her automobile, he seeks $795.00.

In this present action for injunctive relief plaintiff prays that

"defendant be enjoined from prosecuting his suit in the Municipal Court of Lakewood until the case filed earlier in the Court of Common Pleas is reduced to a final judgment; in the alternative, plaintiff prays that this Court order defendant to consolidate his Lakewood Municipal Court (case) with the earlier filed case in the Court of Common Pleas, or to file a Cross petition to said suit in this Court of Common Pleas and dismiss his action in Lakewood."

It will become evident that the Municipal Court has jurisdiction to hear and determine the Bittikofer case and that

this court has jurisdiction to adjudicate the Nemeth case.

Nemeth's claim for $5,000.00 in damages is within the jurisdiction of this court. It exceeds the $2000.00 limit of civil jurisdiction of the Municipal Court of Lakewood. Her claim therefore cannot be prosecuted in the Municipal Court of Lakewood either as an original action or as a cross petition.

Bittikofer's claim for $795.00 in damages is within the jurisdiction of either court. He is entitled to file his claim as an original action in the Municipal Court of Lakewood or as an original action in this court. He may also file it as a cross petition in Nemeth's action, but he is not bound to, since the filing of a counterclaim is permissive not obligatory Bittikofer's privilege to choose between this court and the Municipal Court of Lakewood as the forum in which to sue Nemeth is the combined product of several statutes. It would be contrary to law and beyond the power of this court to order the defendant to consolidate his Municipal Court action with Nemeth's action in this court or to require Bittikofer to file a cross petition in Nemeth's action.

But granted that the Municipal Court of Lakewood has jurisdiction to hear and determine the Bittikofer case there still remains to be decided the question posed by counsel, namely:

"Whether or not Nemeth, the plaintiff in the Common Pleas case, can enjoin Bittikofer from prosecuting his subsequently filed suit in Lakewood Municipal Court until such time as the Common Pleas case has been determined."

To answer that question it must be first determined whether there is a common subject of litigation in these two pending actions over which the Municipal Court of Lakewood has concurrent jurisdiction, the exercise of which may deprive or interfere with this court's hearing and determining Nemeth's action.

To recover a judgment in her action in this court, Nemeth must establish that Bittikofer negligently caused their collision.

To recover a judgment in his action in Municipal Court of Lakewood, Bittikofer must establish that Nemeth negligently caused their collision.

Defendant in each case (plaintiff in the other case) is relying on a general denial but will undoubtedly couple with it the defense of the other party's contributory negligence.

Thus the outcome in each case will depend on whether under the proved facts the collision of November 17, 1952, was caused by negligence of Bittikofer, of Nemeth, or of both.

It is a matter of general knowledge to be judicially noted

that under present circumstances a civil case comes up for trial sooner in the Municipal Court of Lakewood than in this court. Hence in the ordinary course of events it may be expected that Bittikofer's case in Municipal Court will be tried first.

If Bittikofer secures a judgment against Nemeth in the Municipal Court it will be an adjudication that Nemeth negligently caused their collision thereby rendering her guilty of contributory negligence as a matter of law in her action in this court against Bittikofer.

If Bittikofer loses in Municipal Court a special finding in that case by the jury or the judge that both Nemeth and Bittikofer were guilty of negligence combining to cause their collision would likewise estop and foreclose Nemeth from prevailing in her action in this court.

It follows that a prior trial of Bittikofer's case in Municipal Court may cast an indelible shadow upon Nemeth's action in this court. It can predetermine the judgment in her case.

In an effort to protect its prior but concurrent jurisdiction over the common subject of litigation, this court might advance Nemeth's action ahead of the trial of the Bittikofer action in Municipal Court.

But Bittikofer might counter the acceleration of Nemeth's action by securing an earlier advancement of his action in Municipal Court, only to possibly precipitate an earlier advancement in this court's case. In such a tug of war the only prizes would be wasteful duplication of proceedings, increased expense, confusion and perhaps even judicial anarchy.

It is thus seen that in the Bittikofer action the Municipal Court of Lakewood obtained concurrent jurisdiction over the fundamental subject of negligence pre-existing in the Nemeth action. It is obvious too that the jurisdiction of this court, though it attached earlier, may be completely defeated if Bittikofer's case is tried first.

Such conflict of jurisdiction should be resolved in accordance with

"the settled law of this state that among courts having concurrent jurisdiction of any given subject-matter the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a like jurisdiction." **Addams v. State, ex rel., 104 Oh St 475.**

However it is contended that this settled rule of comity, so necessary to avoid collisions between courts, only applies between courts of coextensive or co-ordinate jurisdiction, and does not control the present conflict of jurisdiction be-

tween a court of general powers and a court of limited authority.

In support of this argument, counsel for the defendant relies on **State, ex rel. McHenry, v. Calhoun, 87 Oh Ap 1,** wherein our Court of Appeals recently denied a writ to prohibit a justice of peace "from hearing and determining an action for damages to property that could have been asserted as a counterclaim in action pending in the Common Pleas Court between the same parties in which the plaintiff in Common Pleas Court sought recovery of damages for injuries to person and property in an amount in excess of the jurisdiction of the justice."

Several conclusions there announced require examination.

In its opinion the court quoted with approval the following statement from **11 O. Jur., 726, Section 81:**

"As between courts of concurrent and co-extensive jurisdiction, the one whose power is first invoked by the institution of the proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue, and to settle the rights of the parties to the exclusion of all other tribunals."

Subsequently in its opinion, referring to said rule, the court says:

"The rule that the court first acquiring jurisdiction retains it to the exclusion of other courts of coordinate authority, has no application where the conflict of jurisdiction is between a court of general jurisdiction and one whose limited powers are inadequate to afford full relief to the parties." See **11 O. Jur., 730.**

The exact language of the rule found in **11 O. Jur., 726, Section 81,** and the precise qualification thereof as stated in **11 O. Jur., 730,** have their original source in the Supreme Court opinion (Judge Boynton speaking for the court) in **Dwyer v. Garlough, 31 Oh St 158** at 160.

That case involved a test of jurisdiction between a probate court which FIRST obtained jurisdiction over subject matter concerning which a common pleas court SUBSEQUENTLY acquired jurisdiction.

It was held that the first acquired jurisdiction of the court of limited jurisdiction did not exclude the exercise of the subsequently acquired jurisdctcion of the court of general jurisdiction inasmuch as the first court's authority was not adequate to completely dispose of the controversy.

Thus an exception to the general rule giving priority to the court first acquiring jurisdiction was carved out TO PROTECT THE JURISDICTION OF THE COURT OF GENERAL JURISDICTION.

To apply that exception to a situation like the present, with the result that the jurisdiction of a court of general jurisdiction which FIRST ATTACHED would be defeated by the later acquired jurisdiction of a court of limited authority, would clearly subvert the purpose and intent of Judge Boynton's exception.

Obviously designed to uphold the jurisdiction of courts of general jurisdiction, Judge Boynton's exception is here sought to be employed to deprive this court of general jurisdiction of its prior attaching jurisdiction and to prefer the later acquired jurisdiction of a court of limited authority.

The fallacy of this proposition is demonstrable.

If after Nemeth brought suit in this court and secured service upon Bittikofer, the latter had brought his action against Nemeth for property damage in another court of common pleas, under the general rule stated above, this court's jurisdiction would be exclusive, it being prior to that of a coordinate court.

If in the present situation the prior jurisdiction of this court would be paramount over that of a sister common pleas court there is not just equal but much greater reason for this court's prior jurisdiction to prevail over the subsequently acquired jurisdiction of a court of lesser jurisdiction.

Another ground given by the court in the McHenry case for finding inapplicable the general rule of priority of jurisdiction demands study since reliance is placed on it by counsel for the defendant.

In its opinion the court quoted with approval a statement from **11 O. Jur., 729, Section 82,** that

"It is a condition of the operation of the rule that the causes of action be the same in both cases."

Cited in support of this statement of law is **State, ex rel. Maxwell v. Schneider, 103 Oh St 492, 495, 134 N. E., 443,** the first sentence of which reads:

"The pendency of another action may be successfully pleaded as a defense only when it is clearly made to appear that such pending action is between the same parties, upon the same cause of action."

The court then says:

"The reason for such rule is that the law, which abhors a multiplicity of suits, will not permit a defendant to be harassed and oppressed by two actions for the same cause where the plaintiff has a complete remedy by one of them."

The Maxwell decision thus holds that when the facts do not appear on the face of the plaintiff's petition the defendant may assert as a defense the same ground that he

could raise by demurrer when it is apparent on the face of the petition that

"There is another action pending between the same parties for the same cause;" **Sec. 2309.08 R. C. (§11309 GC), subparagraph (D).**

However the problem in the Maxwell case, in which a defendant seeks to abate a second action brought against him on the same cause of action is not the situation presented either in the McHenry case or in the instant case.

Nor does an examination of the Maxwell decision reveal any reference by the Supreme Court to the general rule of priority of jurisdiction.

Since the Maxwell decision neither deals with nor refers to the general rule of priority of jurisdiction it is difficult to see how such case justifies the statement in **11 O. Jur. 729, Section 82,** that

"It is a condition of the operation of the rule that the causes of action be the same in both cases."

It is believed that the correct rule is that if the SUBJECT MATTER in both cases is the same (even though the two causes of action are not identical) and if an adjudication in the subsequently filed case may operate to nullify the previously attached jurisdiction of a court of general powers, the rule of priority of jurisdiction should be enforced.

That rule conforms to the principle declared in **Addams v. State, ex rel., 104 Oh St 475, at 478.**

"It has long been the settled law of this state that among courts having concurrent jurisdiction of ANY GIVEN SUBJECT MATTER the court whose jurisdiction rightfully first attaches shall exercise and continue that jurisdiction free from any interference by any other court having a like jurisdiction." (Emphasis added.)

A recurring instance of the rule is the conflict which sometimes develops between divorce actions filed by the respective spouses in different common pleas courts in this state.

Their marriage status is the subject matter which underlies each case. But each spouse rests his or her action on different facts, or different inferences from the same facts, and perhaps on different grounds of divorce. One action may be for divorce. The other may be for separate maintenance. Though the two actions grow out of the same transaction they are different causes.

Nevertheless since the decision in one case may affect the outcome of the other action, the rule of priority of jurisdiction applies between such courts. See **Miller v. Court of Common Pleas of Cuyahoga County, 143 Oh St 68.**

It is concluded that the McHenry case should be regarded as precedent only to the effect that a writ will not be granted under the present circumstances to prohibit the exercise of the jurisdiction of the court of lesser authority. It expressly did not rule on the appropriateness of injunctive relief, as here sought.

**Maraldo v. Hendricks, 90 Oh Ap 436** dealt with a situation comparable to the present one. But there a court of limited jurisdiction FIRST ACQUIRED JURISDICTION over the subject matter of the automobile collision which later became the basis of another action between the same parties in this court. Yet even under such circumstances our court of appeals (the Judges of the Sixth Appellate District sitting here by assignment) expressly reserved the question whether

"In an appropriate independent action in equity in the interest of avoiding a multiplicity of suits and the determination of all conflicting claims in one action an injunction may issue to stay the prosecution of a cause of action in a court of limited jurisdiction."

If Nemeth obtains a judgment in her action in this court Bittikofer cannot prevail in his action in Lakewood Municipal Court, since the former adjudication would render him guilty of contributory negligence as a matter of law in his own action.

Hence a multiplicity of suits may be avoided if the prosecution of the Bittikofer action is restrained until Nemeth's action is determined in this court.

Moreover as has been noted the jurisdiction of this court may be precluded if the Bittikofer action is permitted to be tried first. This court may protect itself from that result. State v. Fredlock, 52 W. Va. 232, 43 S. E., 153, 21 CJS Courts, 498, 125 A. L. R. 337.

The plaintiff therefore has established clearly and convincingly her right "to enjoin Bittikofer from prosecuting his subsequently filed suit in Lakewood Municipal Court until such time as the Common Pleas case has been determined" by final judgment or otherwise.

An appropriate restraining order may issue.