ADAMS ROBINSON ENTERPRISES, Appellant,

v.

ENVIROLOGIX CORPORATION, Appellee.

[Cite as *Adams Robinson Ent. v. Envirologix Corp.* (1996), 111 Ohio App.3d 426.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15734.

Decided May 31, 1996.

*Pickrel, Schaeffer & Ebeling, John W. Slagle* and *Michael W. Sandner,* for appellant.

*Weltman, Weinberg & Reis Co., L.P.A.,* and *Daniel E. Best,* for appellee.

FREDERICK N. YOUNG, Judge.

I

Adams Robinson Enterprises ("Adams Robinson") appeals the trial court's dismissal of its complaint. The facts underlying Adams Robinson's cause of action are relatively insignificant for the purposes of this appeal. This appeal, however, does require a rather in-depth discussion of the procedural posture of Adams Robinson's cause of action and a parallel cause of action filed against it in the Lakewood Municipal Court of Cuyahoga County.

Adams Robinson's cause of action and the action in the municipal court involve the same subject matter and parties, namely, Adams Robinson and Envirologix Corporation ("Envirologix"). Adams Robinson was the first to file an action. Adams Robinson filed the action against Envirologix on September 20, 1995, in the Montgomery County Common Pleas Court.

On October 3, 1995, soon after Adams Robinson filed its complaint, Envirologix filed a third-party complaint against Adams Robinson in the Lakewood Municipal Court seeking damages in excess of $100,000. The original action in the municipal court was brought by Continental EMSCO Company ("Continental"). Envirologix alleged in its third-party complaint that it was entitled to be indemnified by Adams Robinson for the claims that Continental asserted against it. Moreover, Envirologix maintained that it had claims against Adams Robinson that arose out of the same transaction and occurrence as the action brought against it by Continental.

Although Adams Robinson was the first to file an action, Envirologix was the first to obtain *in personam* jurisdiction. Envirologix served process on Adams Robinson on October 18, 1995. Adams Robinson made an attempt to serve process on Envirologix prior to that date, but the certified mail service was returned unclaimed on October 19, 1995. Adams Robinson was not able to complete service of process on Envirologix until October 25, 1995, when the court filed a certificate of mailing.

Even though the municipal court was the first to obtain *in personam* jurisdiction, the municipal court determined that it did not have jurisdiction to hear the case. The municipal court found that it did not have subject matter jurisdiction over Envirologix's third-party complaint because the amount requested exceeded its jurisdictional limits. As a consequence, on November 1, 1995, the municipal court certified the case to the Common Pleas Court of Cuyahoga County. This transfer was journalized on November 17, 1995.

On January 8, 1996, the Montgomery County Common Pleas Court *sua sponte* considered whether it had jurisdiction to hear Adams Robinson's complaint. The

court determined that the municipal court action concerned these same parties and subject matter. Since two courts cannot hear the same cause, the court considered which court had jurisdiction over the action. The court concluded that the municipal court had jurisdiction because it was the first to obtain *in personam* jurisdiction. Accordingly, the common pleas court dismissed Adams Robinson's action. Adams Robinson now brings this timely appeal of that determination.

## II

In its sole assignment of error, Adams Robinson states:

"The trial court erred in dismissing plaintiff's complaint for lack of jurisdiction, as the Lakewood Municipal Court never had subject matter jurisdiction over the defendant's third party counterclaim in the Lakewood Municipal Court."

Adams Robinson contends that the trial court erroneously applied the test for determining which court has jurisdiction when two or more actions involving the same parties and subject matter are commenced almost simultaneously in courts of concurrent jurisdiction. Significantly, the trial court found that the municipal court had jurisdiction because it was the first court to obtain perfected service of process. Adams Robinson claims that this determination was in error because the test for priority includes another element, subject matter jurisdiction, which the trial court failed to consider. Adams Robinson maintains that in order to be confronted with two courts of concurrent jurisdiction both courts must actually possess subject matter jurisdiction over the action. The municipal court found that it did not have subject matter jurisdiction over the third-party complaint because it exceeded the court's statutory jurisdictional limit. Therefore, Adams Robinson contends that the trial court erred in dismissing the complaint because the municipal court did not fulfill the priority requirement of subject matter jurisdiction.

To determine whether this argument has merit we must analyze the interaction of several jurisdiction rules. In particular, we will examine the rules of concurrent jurisdiction, subject matter jurisdiction, and certification. Although it is fairly clear how these rules function independently, it is less certain how they operate in concert.

Concurrent jurisdiction exists when several different courts or tribunals are authorized to deal with the same subject matter. 22 Ohio Jurisprudence 3d (1980), Courts and Judges, Sections 321 and 322. The issue of concurrent jurisdiction arises when two actions are brought almost simultaneously concerning the same subject matter and parties in two different courts. Both actions may not proceed because the courts could issue disparate judgments on the same

matter. Therefore, the courts have created the principle of priority for determining which action may proceed to the exclusion of the other.

■ According to this principle, when there are courts of concurrent jurisdiction, the court that first obtains *in personam* jurisdiction has jurisdiction to proceed to judgment to the exclusion of all other courts. *John Weenink & Sons Co. v. Court of Common Pleas* (1948), 150 Ohio St. 349, 38 O.O. 189, 82 N.E.2d 730. The rule of priority, however, does not apply when the court first securing *in personam* jurisdiction is unable to afford the plaintiff all the relief that he or she is legally or equitably entitled because its powers are limited or defective. *Shively v. Shively* (1950), 88 Ohio App. 7, 43 O.O. 385, 95 N.E.2d 276; *Marchesi v. Felgenhauer* (C.P.1948), 54 Ohio Law Abs. 29, 39 O.O. 87, 86 N.E.2d 54; *Strawser v. Stanton* (App.1952), 66 Ohio Law Abs. 121, 47 O.O. 255, 103 N.E.2d 797. In other words, the rule of priority does not operate when the second court is able to give more adequate and complete relief. *Id.*

A logical condition precedent to the operation of the rule of priority is that the conflicting courts actually possess jurisdiction over the subject matter of the action. 22 Ohio Jurisprudence 3d 498, Section 322; *State ex rel. Herder v. Shock* (1977), 55 Ohio App.2d 116, 9 O.O.3d 268, 379 N.E.2d 608 (1980). Subject matter jurisdiction defines the power of a court to hear and decide a case upon its merits. *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 61 O.O.2d 335, 290 N.E.2d 841. It is therefore axiomatic that any action taken by a court over a case which it does not have subject matter jurisdiction is void. *Hitt v. Tressler* (1983), 4 Ohio St.3d 174, 4 OBR 453, 447 N.E.2d 1299. Furthermore, it is syllogistic that if one of two conflicting courts does not have subject matter jurisdiction, there is no concurrent jurisdiction, and obviously the rule of priority would not apply. As a general rule, there is no conflict in that instance because the court lacking subject matter jurisdiction is required to dismiss the action. If the court without jurisdiction does not dismiss the action, a writ of prohibition may issue to prevent it from exercising jurisdiction.

■ The subject matter jurisdiction of Ohio's courts is governed by the Ohio Constitution and state statutes. *Ohio ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 597, 654 N.E.2d 443, 446; *Harris v. Southwest Gen. Hosp.* (1992), 84 Ohio App.3d 77, 83, 616 N.E.2d 507, 510–511. The common pleas courts are constitutional courts of general jurisdiction. Section 4, Article IV, Ohio Constitution. Notwithstanding, the Ohio Supreme Court has held that its jurisdiction is limited to those matters designated by statute. *Stevens v. State* (1855), 3 Ohio St. 453. The municipal courts are of statutory creation. Thus, their jurisdiction is likewise limited only to those matters statutorily delineated. *State ex rel. Foreman v. Bellefontaine Mun. Court* (1967), 12 Ohio St.2d 26, 41 O.O.2d 159, 231 N.E.2d 70; *Soul v. Lockhart* (1928), 119 Ohio

St. 393, 164 N.E. 419; *State v. Human* (1878), 56 Ohio Misc. 5, 10 O.O.3d 164, 381 N.E.2d 969.

Ohio's common pleas and municipal courts have been found to share jurisdiction over many matters. *Culp v. Hecht* (1932), 43 Ohio App. 430, 183 N.E. 437 (both have jurisdiction over creditor's bills); *Blenheim Homes v. Mathews* (1963), 119 Ohio App. 44, 26 O.O.2d 142, 196 N.E.2d 612; *Vitt & Stermer, Inc. v. Steele* (1935), 4 O.O. 484, 32 N.E.2d 445; *Hartman v. Tillett* (1948), 86 Ohio App. 20, 40 O.O. 456, 89 N.E.2d 613; *Nemeth v. Bittikofer* (C.P.1953), 69 Ohio Law Abs. 87, 2 O.O.2d 208, 124 N.E.2d 467; *Sorrels v. Pugliesi* (C.P.1953), 67 Ohio Law Abs. 193, 52 O.O. 226, 117 N.E.2d 221. The jurisdiction of the common pleas courts is outlined in R.C. 2305.01. That section provides that common pleas courts have original subject matter jurisdiction in *all civil matters* where the sum or matter in dispute exceeds the exclusive original jurisdiction of the county courts. It thus follows that common pleas courts have jurisdiction over breach of contract claims.

The municipal courts' subject matter jurisdiction is defined in R.C.1901.18. That section provides:

"Subject to section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory:

" * * *

"(C) In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto."

According to this section, municipal courts also have jurisdiction over contract claims.

■ The concurrence of the common pleas and municipal courts' jurisdiction over contract claims, however, is limited by R.C.1901.17, which restricts the municipal courts' subject matter jurisdiction to actions in which the amount claimed does not exceed $10,000. Consequently, common pleas courts and municipal courts have concurrent jurisdiction only over contract claims in which the amount requested is less than or equal to that amount.

■ If an original claim or a supplemental claim in a municipal court exceeds the $10,000 jurisdictional amount, the municipal court must dismiss the case. *State ex rel. Natl. Emp. Benefit Serv., Inc. v. Cuyahoga Cty. Court of Common Pleas* (1990), 49 Ohio St.3d 49, 550 N.E.2d 941, syllabus. This rule, however, does not apply to cross-claims, counterclaims, or third-party claims. When a cross-claim, counterclaim, or third-party claim exceeds a court's monetary juris-

diction, Civ.R. 13(J) requires the court to certify the proceedings to the common pleas court. Despite the mandatory wording of the Civ.R. 13(J), Ohio courts have found that certification is not automatic. The court must first determine if the counterclaim satisfies the formalities of the civil rules and states a claim demonstrating that the party is entitled to relief. Once the court does certify the action, however, the cause proceeds as if it had been originally filed in the court of common pleas. R.C.1901.22(G).

■ Applying these rules to the present case, we find that the trial court did not err in dismissing the action. According to the rules of concurrent jurisdiction, Envirologix's municipal action would not normally have had priority because, although that court was the first to obtain *in personam* jurisdiction, it did not have subject matter jurisdiction over the action. Without subject matter jurisdiction, there would be no concurrent jurisdiction, and the rule of priority would not apply.

Nevertheless, we find that the certification of the action to the Cuyahoga County Common Pleas Court saved the priority of Envirologix's third-party complaint. As we discussed earlier, Civ.R. 13(J) requires that when a cross-claim, counterclaim, or third-party complaint exceeds a court's statutory jurisdiction, that the court certify the matter to the common pleas court. Furthermore, R.C. 1901.22(G) provides that when a case is certified from a municipal court to a common pleas court it "shall then proceed as if the case had been *commenced originally in the court of common pleas.*" (Emphasis added.)

Pursuant to that Revised Code section we are to treat the municipal court action as if it originated in the court of common pleas. Therefore, the issue for determination is whether the Cuyahoga County Common Pleas Court, instead of the municipal court, has concurrent jurisdiction with the Montgomery County Common Pleas Court and, if so, which court has priority. As to the first question, it is patent that common pleas courts have concurrent jurisdiction with each other. Turning to the second question, we find that the Cuyahoga County Common Pleas Court has priority. The municipal court was the first to obtain *in personam* jurisdiction, and, given that a certified action is to be treated as if it originated in the common pleas court, we hold that the date the municipal court obtained *in personam* jurisdiction applies to the common pleas court action. As a result, we conclude that the Cuyahoga County Common Pleas Court action has priority and, therefore, that trial court was required to dismiss Adams Robinson's action. The assignment of error is overruled.

*Judgment affirmed.*

BROGAN, P.J., and GRADY, J., concur.