[Cite as *Porter v. Chait*, 2012-Ohio-3696.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98181

---

# BILL PORTER, ET AL.

### PLAINTIFFS-APPELLEES

vs.

# DALE E. CHAIT, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-740879

**BEFORE:** Keough, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**ATTORNEY FOR APPELLANTS**

Conrad G. Olson
P.O. Box 275
Wadsworth, OH 44282


**ATTORNEY FOR APPELLEES**

David J. Jansky
1360 West 9th Street
Suite 400
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Defendants-appellants, Dale Chait and All Service Construction, LLC (collectively "appellants"), appeal the trial court's decision entering judgment in favor of Bill and Debra Porter ("the Porters"). For the reasons that follow, we affirm.

{¶3} In November 2010, the Porters filed suit against the appellants alleging breach of contract, violation of the Ohio Consumer Sales Practices Act, and false representations, stemming from a contract entered into between appellants and the Porters for the remodeling of the Porters' garage.

{¶4} In January 2012, the trial court granted default judgment against All Service and granted summary judgment against Chait, awarding a monetary judgment in favor of the Porters. Chait filed a Civ.R. 60(B) motion for relief from judgment, contending that the trial court lacked subject matter jurisdiction over the complaint filed and thus the judgment rendered against him was void. The trial court denied Chait's Civ.R. 60(B) motion, finding that subject matter jurisdiction was proper and that Chait failed to satisfy his burden under Civ.R. 60(B) for relief from judgment.

{¶5} Appellants appeal, asserting in their sole assignment of error that the trial court erred in rendering a default judgment and summary judgment when it lacked subject matter jurisdiction over the case.

{¶6} Subject matter jurisdiction is the power of a court to hear and decide cases upon their merits. *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. It is a condition precedent to the court's ability to hear the case; if a court acts without jurisdiction, then any proclamation by that court is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988).

{¶7} The common pleas courts are constitutional courts of general jurisdiction and the Ohio Supreme Court has held that their jurisdiction is limited to those matter designated by statute. *Adams Robinson Ents. v. Enviorlogix Corp.*, 111 Ohio App.3d 426, 676 N.E.2d 560 (2d Dist.1996), citing *Ohio ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.*, 100 Ohio App.3d 592, 597, 654 N.E.2d 443 (1995). Courts of common pleas are courts of general jurisdiction and have original jurisdiction in all civil suits where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts. *State ex rel. Judson v. Spahr*, 33 Ohio St.3d 111, 113, 515 N.E.2d 911 (1987), citing R.C. 2305.01.

{¶8} This action sought the recovery of money in an amount over $24,000, the amount the Porters paid to appellants under a contract that appellants allegedly breached. Accordingly, the action falls within the broad jurisdiction of the common pleas court.

{¶9} Venue, as opposed to jurisdiction, relates to where a cause can be tried and must also be proper. *Morrison* 32 Ohio St.2d at 87, 290 N.E.2d 841. Under Civ.R. 3(B), "proper venue lies in any one or more of the following counties," including the "the county in which the defendant has his or her principal place of business." Civ.R. 3(B)(2).

{¶10} In this case, Chait is the statutory agent for All Service Construction, LLC. According to the record, both Chait and All Service were served with the summons and complaint at a Cuyahoga County address, to wit: a P.O. Box address in Cleveland. The proposal appellants presented to the Porters prior to entering into the contract listed the same Cleveland P.O. Box address as appellants' address. Accordingly, we find Cuyahoga County was a proper venue for the Porters' complaint under Civ.R. 3(B)(2).

{¶11} Accordingly, we find that the trial court did not err in denying appellants' Civ.R. 60(B) motion for relief from judgment based on lack of subject matter jurisdiction because the common pleas court did have subject matter jurisdiction over the Porters' complaint. Moreover, even if appellants sought relief from judgment challenging improper venue, the motion would also fail because a valid judgment cannot be collaterally attacked for improper venue. Civ.R. 3(G); *Pryor v. Pryor*, 4th Dist. No. 11CA3218, 2012-Ohio-756; *Davis v. Bernhart*, 8th Dist. No. 57454, 1990 Ohio App. LEXIS 5046, (Nov. 21, 1990).

{¶12} Appellants' assignment of error is therefore overruled.

{¶13} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MELODY J. STEWART, P.J., and
MARY EILEEN KILBANE, J., CONCUR