ISAAC W. ADAMS, *in Equity, versus* TRUEMAN A. STEVENS *& als.*

A deed containing a proviso *without* the usual concluding words " then this deed shall be null and void," or their equivalents, is inoperative as a mortgage.

Where the rights of a defendant in equity, who resides out of the State and has had notice of the suit, but does not appear and answer, will not be prejudiced by the decree, the bill may be taken *pro confesso* as to him.

Where the rights of his co-defendants are not prejudiced by his failure to appear, it will not defeat the action.

It is the general rule that a mistake in an instrument can be reformed in equity only when the litigation is between the original parties to it.

But where one purchases with knowledge of the mistake and the true intent and design of the instrument, he stands in no better position than the original parties.

Where one of the defendants in an equity suit dies, while the suit is pending, and his heirs cannot be prejudiced by the proceedings, they need not be made parties.

The Supreme Judicial Court has jurisdiction in equity to reform a mistake in a deed.

To reform a deed in equity is to make a decree, that it shall be read and construed as it was originally intended by the parties, when an error in fact has been committed.

BILL IN EQUITY to reform an alleged mistake in a deed. The case was heard upon bill, answer and proof.

The facts proved, and questions of law raised by the counsel, are stated in the opinion.

*Hutchinson*, for the plaintiff.

*J. S. Abbott*, for defendant Trueman A. Stevens.

The opinion of the Court was drawn up by

RICE, J.—March 10, 1828, Jonathan Stevens conveyed to his son Elisha Stevens, by deed of warranty, certain lands therein described, and on the same day, and obviously as a part of the same transaction, received from the said Elisha a deed of the same estate, with some additional land. The last named deed contains this provision:—

"Provided, nevertheless, that if the said Elisha Stevens, his heirs, executors, or administrators, shall faithfully and decently maintain and support the said Jonathan Stevens and his wife Sarah Stevens, through their natural lives, and supply them with all necessaries to support and make life comfortable, and pay all doctor's bills and funeral charges that may arise, and that their minor children shall have a home and provision during their minority, providing said minors render their services for the use and benefit of said farm, and for the support of said family."

The words usually found at the conclusion of the condition of a mortgage, are not found in this deed. Without such concluding words, the deed is inoperative as a mortgage. *Freeman's Bank* v. *Vose*, 23 Maine, 98.

The bill alleges, and the answer of Jonathan Stevens admits, and the evidence in the case clearly shows, that the parties intended this deed to be a mortgage, and understood such to be its character. The evidence also satisfactorily shows that the words necessary to constitute said deed a mortgage were omitted by mistake.

From Elisha Stevens the record title passed through sundry mesne conveyances to the plaintiff, and at each transfer of the title the existence of the deed from Elisha to Jonathan, above referred to, was recognized as a subsisting and valid mortgage.

These several conveyances were all seasonably recorded.

March 25, 1852, Jonathan Stevens, for the nominal consideration of one dollar, conveyed, by deed of quitclaim, to Trueman A. Stevens, one of the defendants, the land described in the deed from Elisha to Jonathan.

By virtue of this last deed, the defendant Trueman A., claims to hold the land therein described, in fee simple; and, on the 20th of September, 1852, brought his writ of entry to recover possession thereof, which suit is still pending.

From the pleadings and evidence in the case, we are entirely satisfied that Trueman A., at the time he took his deed from Jonathan, not only had knowledge of the existence of the deed from Elisha to Jonathan, dated March 10, 1828, but that he also well knew the purposes for which said deed was given, and that it was originally designed by the parties thereto to be a mortgage, and that such had been understood to be its character by all the intermediate parties through whom the plaintiff claims title from Elisha, and that the said Jonathan had always understood said deed to be a mortgage, and so treated it.

The complainant now prays for a decree by which said deed from Elisha to Jonathan may be reformed by the addition of those words which it is alleged were omitted by mistake, and which are necessary to constitute said deed a mortgage, so as to effectuate what is affirmed to have been the original intention of the parties thereto, and for general relief.

To such a decree several objections are interposed by the defendant Trueman A. Stevens.

First, it is objected that the parties named in the bill are not all legally before the Court.

Elisha Stevens is described in the bill as of Jordan, in the county of Greene, in the State of Wisconsin. This defendant does not appear to have any estate, agent, or attorney in this State.

The Court ordered notice by serving upon him a true and attested copy of the bill, with a copy of the order of Court

thereon.   The return, showing service by leaving a true
and attested copy of the bill, and order of Court thereon,
at the last and usual place of abode of said defendant, pur-
ports to be signed by the sheriff of Greene county, Wiscon-
sin.

The statute then in force provided no specific mode in
which parties, situated as this defendant then was, should be
notified.   The evidence, however, is at least *prima facie*
that he had actual notice.   This would have authorized him
to appear and answer to the bill.   But he has not so done.
If a decree were sought against him, by which his rights
were to be prejudiced, the Court might hesitate.   But no
such decree is sought, and it is not perceived that his rights
can be in any way injuriously affected by this proceeding.
Nor can the defendant Trueman A. Stevens, be prejudiced
by the fact that Elisha does not appear.   As against Elisha,
therefore, judgment may be entered *pro confesso.*

It is also objected that a decree, reforming a mistake in a
deed, can only be entered when the litigation is between the
original parties to the instrument.   Such is the general rule.
But when a purchaser has knowledge of the mistake, and of
the true intent and design of the deed, at the time of his
purchase, he will stand in no better condition than the orig-
inal parties to the instrument.   *Freeman's Bank* v. *Vose,*
23 Maine, 98.

In this case, as we have already seen, the defendant True-
man A. purchased with full knowledge of all the facts in the
case.   He paid a nominal consideration only.   He is not,
therefore, in the condition of an innocent purchaser for value,
without notice, but is affected by all existing equities in the
same manner as if he were an original party.

The answers of the other defendants admit, as far as they
have knowledge, all the material allegations in the bill.

Further objection is made, that Jonathan Stevens, one of
the defendants, has died since the suit was commenced, leav-
ing heirs, who should have been made parties to this pro-
ceeding.

The evidence shows that Jonathan Stevens died without property, unless he had a remaining interest in the estate covered by the deed referred to ; and that no administration has been taken out on his estate.

If the deed in question shall not be reformed, but be permitted to stand as an absolute deed, then his entire estate passed to the defendant Trueman A. Stevens, by the deed of Jonathan dated March 25, 1852. In that event, the heirs of Jonathan would be precluded. If, on the other hand, the deed is reformed, those heirs may, by possibility, have a contingent interest. In the view the Court take of this matter, however, the rights of the heirs cannot be prejudiced by this proceeding. The objection, therefore, that they are not made parties, cannot prevail.

Other objections are made, which are, however, of a technical character, and do not affect the merits of the case.

This Court has jurisdiction in equity, for relief in cases of mistake. R. S. c. 77, § 8, clause fourth.

To reform an instrument in equity, is to make a decree, that a deed, or other agreement, shall be made or construed as it was originally intended by the parties, when an error as to a fact has been committed. *Lumbert* v. *Hill,* 41 Maine, 475.

The complainant is entitled to a decree to have the mistake corrected, by a reform to the deed from Elisha Stevens to Jonathan Stevens, according to the intentions of the original parties ; that is, to constitute said deed a mortgage with the conditions therein contained. He is also entitled to his costs against Trueman A. Stevens.

As to the other defendants, neither party will take costs.

*Decree accordingly.*

TENNEY, C. J., CUTTING, MAY, GOODENOW and DAVIS, JJ., concurred.