*Decree of the judge of probate<br>affirmed with costs.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY, VIRGIN and EMERY, JJ., concurred.

---

ROSCOE F. CROSS and others, in equity, *vs.* ALPHEUS S. BEAN, and RUFUS G. A. FREEMAN.

Oxford.   Opinion May 20, 1889.

*Equity.   Deed.   Reformation.   Mutual mistake.   Bona fide purchaser.*

Equity will reform written instruments so that they shall conform to the precise intent of the parties to them, when a mutual mistake is shown by proofs that are full, clear and decisive, free from doubt and uncertainty, and such as to entirely satisfy the conscience of the court.

In such cases, courts of equity will interfere only as between the original parties, or those claiming under them in privity, including purchasers from them, with notice of the facts.

Where, in a bill to reform a deed, there was no allegation that a subsequent purchaser had notice, the plaintiff was allowed to amend his bill.

ON REPORT.   Bill in equity, heard on bill, answers and proof.

The bill was brought to reform a deed of land described as lot No. 6, in range 5, so as to read lot No. 5, in range 6, such being alleged to be the original intent and oral agreement of the parties; but by mutual mistake, the former lot instead of the latter was inserted in the deed. The deed is dated February 20, 1873; and the purchasers, who have had the use and occupation of lot No. 5, and which they allege they supposed was the lot covered by their deed, did not discover the error until thirteen years later and after it had been purchased of the same owner, by the defendant Bean.

The following is a summary of the bill.   Defendant, Freeman, under whom the parties claim, was the owner of lands in Fryeburg Academy Grant, Oxford county, embracing lot No. 6, range 5, and lots No. 4, and 5, range 6, according to a plan of the township.   Prior to February 20, 1873, negotiations were carried on by the plaintiff Cross, and Charles Gerrish, deceased, with Freeman for the purchase of lot No. 5, through his agent, one John P. Lowell, of Bethel, who represented him in the management and sale of said lands.  · Lowell showed Cross and Gerrish the lot, and pointed out the lines of it to them.   After agreeing upon the terms of the sale and purchase, Freeman, who lived at a distance and was informed by letter from his agent, made and executed a deed to Cross and Gerrish, February 20, 1873, supposed by them and the agent to convey lot No. 5.   But it so happened by accident and mistake, and without design on the part of any one, that Freeman conveyed to Cross and Gerrish, lot No. 6, range 5, in said grant, instead of lot No. 5, range 6.

October 2, 1886, plaintiffs sold defendant Bean all the birch timber on said lot No: 5; and he being desirous of obtaining more birch timber bargained with Freeman through his agent, son of the former agent, deceased, for lot No. 4, range 6, in said grant; · and on November 6, 1886, Freeman made and executed, as

directed by his agent, but by mistake and without design, a deed to Bean, which according to its legal effect conveyed lot No. 5, range 6, and which is the same lot occupied and claimed by the plaintiffs. Soon after Bean received his deed he discovered the mistake, and denied the plaintiffs' ownership in lot No. 5, range 6; and refused to pay for the birch timber on it which he had bought of them. They further allege that said Bean bargained for lot No. 4, instead of lot No. 5, paying therefor twenty-five dollars; and that the fair value of lot No. 5, deeded to him by mistake is $500, and lot No. 6, range 5, is of no real value; and that they had no knowledge of the lotting of the grant, and always supposed their deed described the lot bargained and paid for until the mistake was discovered by said Bean. They have offered to reimburse Bean for all he had paid out on account of said conveyance; and have asked him to release to them lot No. 5, range 6, which he refused to do; and allege their willingness to release lot No. 6, range 5, to Freeman, etc.

They further allege that after Bean discovered these mistakes he procured December 4, 1886, a deed to himself of lot No. 4, range 6. The prayer of the bill asks that the deed from Freeman to Cross and Gerrish may be reformed so that it shall describe the lot bargained and paid for, viz., lot No. 5, range 6, in said grant, and that the deed of said Freeman to said Bean purporting to convey the last named lot may be cancelled and annulled, or that said Bean be ordered and required to release to plaintiffs said lot; and that such relief be granted as will not prejudice the plaintiffs in recovering from said Bean the amount agreed to be paid by him for said birch.

There is no allegation in the bill charging Bean with notice of the first deed and the error in it. The deed does not appear to have been recorded.

*A. E. Herrick*, for plaintiffs.

Courts of equity frequently grant relief in similar cases. *Burr* v. *Hutchinson*, 61 Maine, 514, and cases cited; *Bush* v. *Hicks*, 60 N. Y. 298; *Peterson* v. *Grover*, 20 Maine, 363; 2 Pom. Equity, § 981.

*R. A. Frye*, for defendant, Bean.

Counsel cited: *Young* v. *McGown*, 62 Maine, 56; *Smith* v. *Greeley*, 14 N. H. 378; *Gillespie* v. *Moon*, 2 Johns. Ch. 585, 597; *Getman* v. *Beardsley*, Id. 274; *Lyman* v. *Ins. Co.*, Id. 630; Waterman, Con., §§ 361 to 368; *Fehlberg* v. *Cosine*, 5 N. E. R. 763; (R. I.). *Farley* v. *Bryant*, 32 Maine, 474; 1 Greenl. Ev. §§ 63, 120; *Pike* v. *Crehore*, 40 Maine, 503; *Dow* v. *Sawyer*, 29 Id. 117; Heard, Eq. Pl., 34; Best Ev., § 285; *Ins. Co.* v. *Gurnee*, 1 Paige, Ch. 278; *Whitman* v. *Weston*, 30 Maine, 285; *Foster* v. *Kingsley*, 67 Id. 152.

*A. W. Paine*, for defendant, Freeman.

Freeman not proper party to the bill. He is a mere witness. Daniel, Ch. 5, Am. Ed. \*256 and note; 295, c. 5, § 4; \*281, 283, 285, 296; Story, Eq. Pl., §§ 78, 173 to 180, 231; *Pratt* v. *B. & A. R. R.*, 126 Mass. 443, and cases cited; *Palmer* v. *Stevens*, 100 Mass. 461, 465, 467; *Moor* v. *Veazie*, 32 Maine, 343; *Buffington* v. *Harvey*, 95 U. S. 99; *Duncan* v. *Luntley*, 48 Eng. Ch. 30; *Montague* v. *Lobdell*, 11 Cush. 111; *Canedy* v. *Marcy*, 13 Gray, 373; *Laughton* v. *Harden*, 68 Maine, 208, and cases cited; *Williams* v. *Smith*, 49 Id. 564; *Williams* v. *Russell*, 19 Pick. 162; *Burlingame* v. *Hobbs*, 12 Gray, 367; *Woodbury* v. *Gardner*, 77 Maine, 68, 75.

Fraud not being charged, bill cannot be sustained, unless grantee besides payment has been in possession and made valuable improvements which can not be removed. *Glass* v. *Hulbert*, 102 Mass. 24; *Ahrend* v. *Odiorne*, 118 Mass. 261, 268; *Burns* v. *Daggett*, 141 Id. 368, 373, and cases cited; *Woodbury* v. *Gardner*, *supra*, 32, 37; *Douglass* v. *Snow*, 77 Maine, 91, 92.

Bean being the only party who can correct the mistake can not be decreed to convey unless he bought with fraudulent intent to cheat. If he bought, after information that plaintiffs claimed the lot, that does not create a trust such as to expose him to a decree. *Pratt* v. *Taunton Copper Co.*, 123 Mass. 110; *Bank* v. *Field*, 126 Id. 345; *Pratt* v. *B. & A. R. R.*, *supra*; *Brown* v. *Kendall*, 6 Cush. 292; *Lyons* v. *Child*, 61 N. H. 72, 74; *Brown* v. *Collins*, 53 Id. 442.

The thirteen years delay and acquiescence by plaintiffs was such

laches as to justify Freeman in selling the lot to another as he did, innocently, and without knowledge of the mistake. *Stockbridge Co.* v. *Hudson Co.*, 102 Mass. 45, 48; *Plymouth* v. *Russell Mills*, 7 Allen, 438, 444, and cases cited; *Farnam* v. *Brooks*, 9 Pick. 212, 242 to 248; *Peabody* v. *Flint*, 6 Allen, 52, 57; *Royal Bank* v. *R. R.*, 125 Mass. 490, 494, 495; *Wagner* v. *Baird*, 7 How. 234; *Holdane* v. *Trustees, &c.*, 21 N. Y. Ch. 477; *Veazie* v. *Williams*, 8 How. 134; *Mactier* v. *Osborn*, 146 Mass. 399, 402; *Hancock* v. *Carlton*, 6 Gray, 39, 59.

*Plaintiffs in reply.*

Freeman properly joined as party defendant. *Richards* v. *Pierce*, 52 Maine, 563; *Whittemore* v. *Cowell*, 7 Allen, 448; *Davis* v. *Rogers*, 33 Maine, 224, 225; *Pierce* v. *Faunce*, 47 Id. 413; *Laughton* v. *Harden*, 68 Id. 209; *Farley* v. *Bryant*, 32 Id. 488.

Statute of frauds not a bar. *Peterson* v. *Grover*, 20 Maine, 364; *Scofield* v. *Stoddard*, 58 Vt. 290; *Lawrence* v. *Chase*, 54 Maine, 196, 201; *Bird* v. *Munroe*, 66 Id. 337, 346; *Farwell* v. *Tillson*, 76 Id. 227, 236, 237; *Montgomery* v. *Edwards*, 46 Vt. 151. Contrary doctrine to *Glass* v. *Hulbert*, is held in nearly all other states. *Hitchins* v. *Pettingill*, 58 N. H. 386; 2 Pom. Eq. §§ 865, 867 notes and cases cited.

Open possession sufficient. Pom. Eq. § 1409. Bean not a *bona fide* purchaser. *Farley* v. *Bryant, supra*; *Boggs* v. *Anderson*, 50 Maine, 161; 2 Pom. Eq. §§ 614 (n. 2,) 762.

Plaintiffs not guilty of laches. *Tash* v. *Adams*, 9 Johns. 467; *Merriam* v. *R. R.*, 117 Mass. 241; 2 Pom. Eq. § 965; *Farley* v. *Bryant, supra.*

HASKELL, J. Equity will reform a written instrument so that it shall conform to the precise intent of the parties to it, when a mutual mistake is shown by proofs that are full, clear and decisive, free from doubt and uncertainty, and such as to entirely satisfy the conscience of the court. *Fessenden* v. *Ockington*, 74 Maine, 123.

A mutual mistake between Freeman and Cross and Gerrish, the parties to the deed sought to be reformed, is sufficiently shown

to authorize the court to reform that deed, had the rights of another not intervened; but, the bill charges that Freeman, since the delivery of that deed, conveyed the premises intended to have been conveyed by it to Bean, and that the latter deed was not intended by the parties to convey such premises, but another lot of land; and by reason of a mutual mistake between the parties to this deed, its reform is also sought in order to authorize the reform of the first named deed from Freeman to Cross and Gerrish.

Inasmuch as the parties have agreed that the answer of Freeman shall be considered as though it had been called for in the bill to be under oath, it becomes evidence as to the matters in it responsive to the charges in the bill, and must be overcome by evidence.

Bean, in his answer, emphatically denies the charges in the bill that his deed from Freeman was mutually intended to convey a lot of land different from that described in it; and the proof fails to clearly and decisively sustain the charges of the bill in this particular. Whether he had knowledge of the deed from Freeman to Cross and Gerrish and of the error in it before he obtained his own deed, it is unnecessary to now decide, as no allegation of that sort is contained in the bill.

If Cross and Gerrish desire to amend their bill, by charging Bean with such knowledge of their deed and of its erroneous description of the premises, named in it, as will destroy the deed to Bean as a *bona fide* purchaser, they should be allowed to so do within thirty days after decree; otherwise the bill must be dismissed with costs.

*Decree accordingly.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.