## HERRON v. M. RUMLEY CO.

No. 890.   Opinion Filed July 11, 1911.

(116 Pac. 952.)

1.   **PLEADING—Amendment—Discretion of Trial Court.**  The amending of pleadings vel non, when not changing the cause of action, rests within the sound discretion of the trial court, whose action will not be disturbed on appeal unless such discretion appears to have been abused.

2.   **WITNESSES—Competency—Husband and Wife.**  The husband is incompetent to testify for or against his wife, except concerning transactions in which he acted as her agent, or when they are joint parties and have a joint interest in the action.
     (a)   The husband in no case, however, can testify concerning any communication made by his wife to him during the marriage, whether called while that relation subsisted or afterwards.

3.   **APPEAL AND ERROR—Review—Exclusion of Evidence—Burden of Showing Error.**  Evidence excluded will not operate as reversible error, unless it affirmatively appears to have been material under the issues framed.

4.   **APPEAL AND ERROR—Review—Harmless Error—Exclusion of Evidence.**  The action of the court in excluding evidence will not operate as a reversible error, when the record affirmatively shows that such evidence was afterwards admitted and received for the consideration of the jury.

5.   **CONTRACTS—Fraud—Presumptions and Burden of Proof.**  A party seeking to set aside a written instrument on the ground of fraud assumed the burden of proving the same by clear, positive, and convincing evidence.
     (a)   A person signing an instrument is presumed to know its contents.

(Syllabus by the Court.)

*Error from District Court, Woodward County; R. H. Loofbourrow, Judge.*

Action by the M. Rumley Company against Millie P. Herron.   From a judgment for plaintiff, the defendant brings error. Affirmed.

*Charles R. Alexander,* for plaintiff in error.

*Charles Swindall,* for defendant in error.

WILLIAMS, J.   1. The question of the amending of the

pleadings was within the sound discretion of the trial court. Its action thereon will not be disturbed on review here unless such discretion appears to have been abused. *Alcorn et al. v. Dennis,* 25 Okla. 135, 105 Pac. 1012.

The court offered to permit the defendant (plaintiff in error) to amend her answer on condition that she pay, or cause to be paid, the accrued costs. This she failed or declined to do. Section 5677, Comp. Laws 1909 (section 4015, Stat. Okla. Ter. 1893), provides:

"At any time within ten days after the demurrer is filed, the adverse party may amend, of course, on payment of costs since filing the defective pleading. Notice of the filing of an amended pleading shall be forthwith served upon the other party or his attorney, who shall have the same time thereafter to answer or reply thereto, as to an original pleading.".

Section 5679, Comp. Laws 1909 (section 4017, Stat. Okla. Ter. 1893), also provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleadings or proceedings to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

Under section 5679, the court was not only authorized to permit this amendment, but also by section 5677 it was empowered to require the payment of accrued costs as a condition to the amending of said pleadings. As to whether, under any given state of facts, it would be an abuse of discretion to require the accrued costs to be paid as a condition to being permitted to amend, it is not essential here to determine, for there is no showing, or any attempt to make a showing, that the plaintiff in error was not able to pay, or cause to be paid, such costs.

2. As to the alleged error in that the court did not permit the husband of the plaintiff in error to state what the agent of

the defendant in error represented to-her at the time the alleged mortgage was executed, under the status of the record no prejudicial error was committed. Section 5842, Comp. Laws 1909 (section 4213, Stat. Okla. Ter. 1893), provides:

"The following persons shall be incompetent to testify: * * * (3) Husband and wife for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties, and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards. * * *"

The only theory on which it would have been competent for the husband to testify to such matter in favor of the wife would be that he was acting as her agent. The theory is that the wife, on account of the condition of her health, did not read the instrument; but if the husband was also present as her agent, who it appears from the record could sign his name, it is difficult to comprehend how the alleged fraud could have been practiced against her rights, and the jury evidently took the same view. However, the court later permitted the witness to testify as to such matter. Therefore in no event was prejudicial error committed.

3. As to the custom of the defendant company, which was sought to be proved, in securing its paper, that does not seem to have been material. Where error in the exclusion of evidence is alleged, the party complaining must point out and show wherein the evidence is competent and material. Frequently evidence may be competent and material upon one and not upon another theory. Under the issues as framed and tried in this case, it does not appear that such evidence was material.

4. As to alleged error of the court in not permitting the witness who was agent for the defendant in error to state whether the plaintiff in error read the mortgage when it was presented to her: The witness, however, in effect testified to such matter, as he testified in detail as to the entire transaction, covering the matter sought to be elicited by this specific question. In view of

what has hereinbefore been said, we do not think that was pre-judicial error. The witness denied that he made any misrepre-sentations. The plaintiff in error, who could read and write, ad-mits signing the instrument, but claims she did not read the same. The husband, who claims to be her agent, was also pres-ent, and the instrument was signed in his presence; he could write his name, and the next day, or a little later, a notary public came out, and she acknowledged her signature before him when her husband was present. The amount of the debt secured by the mortgage had previously been adjudicated. When persons, who can read and write, execute instruments and go into the solemn form of acknowledging same before officers as their vol-untary act and deed, as a rule they will not be permitted after-wards to say that they did not read such instrument and it did not contain their engagements and agreement. *American Ins. Co. v. McWhorter,* 78 Ind. 136; *Robinson v. Glass,* 94 Ind. 211; *Greenfield's Estate,* 14 Pa. 496.

5. The instructions correctly and fairly state the law. The burden was upon the plaintiff to prove fraud in the securing of the execution of said mortgage by positive and convincing evi-dence. As a rule fraud is not presumed, and a person signing an instrument is presumed to know its contents, unless the con-trary appears by clear, positive, and convincing evidence, and the party signing the instrument cannot escape its legal liability if such party has an opportunity to read the instrument and neglects and fails to do so, and this is so even if false represen-tations may have been made to them as to the character and kind of instrument signed. *Moore v. Adams et al.,* 26 Okla. 28, 108 Pac. 392; *Hunter v. Patterson,* 142 Mo. 310, 44 S. W. 250; *Hoch-stein v. Bergerhouser,* 123 Cal. 681, 56 Pac. 547; *Cross v. Dean,* 81 Me. 525, 17 Atl. 710; *Seeman v. Biemann et al.,* 108 Wis. 365, 84 N. W. 490; *Baltzer v. Raleigh & Augusta R. Co.,* 115 U. S. 634, 6 Sup. Ct. 216, 29 L. Ed. 505.

The judgment of the lower court is affirmed.

All the Justices concur.