Hartman, Appellee, v. Tillett et al., Appellants, et al., Appellees.

(No. 179—Decided October 25, 1948.)

*Messrs. Nichols, Speidel & Nichols,* for appellee Hartman.

*Mr. Ralph E. Cors* and *Mr. Gerritt J. Fredriks,* for appellants William Tillett and Dolores Tillett.

*Mr. Ray Bradford, Messrs. Ely, White & Davidson* and *Messrs. Murphy, Murphy & Deddens,* for appellees Joseph Vance, Lola Vance and The Milford Building, Loan & Savings Company.

By THE COURT. This is an action for reformation of a deed to certain farm land, and was appealed on questions of law and fact to this court. Three adjoining tracts are involved. They are, however, separately described on the real estate records of the county, produced by a decree in partition entered in 1886. In that decree the tracts are numbered two, three and four respectively. Tracts two and three have a rather long common boundary line and near this line, on tract two, are located a dwelling house, barn and other structures usually found in the curtilage incident to a farm. There were no such improvements on tract three, and apparently two and three were treated and referred to as one farm. Tract four and tract three had a rather short common boundary line. On tract four were located a dwelling house and barn. These were located some distance from the dividing line between tracts three and four. Tract four had been treated as a distinct farm for 50 years. Tract two is described in the partition plat as containing 32.12 acres, tract three as containing 38.20 acres, and tract four as containing 35.10 acres.

The plaintiff owned all three tracts at the beginning of the transaction out of which this controversy arose.

In October 1945, the plaintiff and the defendant Joseph Vance entered into a written contract whereby the plaintiff agreed to sell to Vance ''one of his farms containing seventy acres more or less'' for $6,000. The testimony leaves no doubt whatever that the parties had in mind tracts two and three as the subject matter of this contract. In the deed conveying the property, tract four was included, but the testimony is equally clear that it was included because of mistake, and contrary to the intention of the parties.

The deed was prepared by the attorney of a building

association that loaned the defendant Vance $5,000, which he used to pay the balance of the purchase price. The execution of the deed was hurried in order to get the title in shape so that the loan could be approved by the building association officials. The plaintiff thought defendant Vance had explained the transaction to the attorney, and so signed the deed without reading it.

Vance entered into possession of tracts two and three and made some improvements thereon at a cost of about $2,000.

In February 1948, while still in possession of tracts two and three Vance entered into a written contract to sell his farm and one-half of the livestock thereon to the defendant William D. Tillett. The farm was described as "farm owned by Joseph Vance and Lola Vance about two miles east of Batavia, Ohio, and off Route No. 74 and with a five room house and barn and chicken house including all farming equipment, and one-half of all livestock now on property on an acreage of one hundred five (105) and one-eighth (1/8) acres more or less," for $8,000. Prior to entering into this written contract Vance took Tillett on an inspection tour of tracts two and three and pointed out to him the boundary lines. While they did not go to the dividing line, they were within sight of it and its approximate location was pointed out to Tillett. There is no doubt whatever, however, from the testimony of Tillett himself that the parties had in mind only tracts two and three and that Tillett never supposed that he was negotiating for any part of tract four.

In the preparation of the deed from Vance to Tillett the description was taken from the deed from the plaintiff to Vance and thereby the mistake in the description was continued.

Later, Vance, in ignorance of the fact that his deed included tract four and knowing that there had been no intention to convey it to him, entered into a contract with the plaintiff to purchase tract four, and it was then discovered that this mistake had been made in the preparation of the prior deed from plaintiff to Vance. Shortly thereafter, this action was filed.

It is apparent from this recital that both the plaintiff and defendant Vance were mistaken as to the description in the deed from the plaintiff to Vance. It is clear that the only negligence of the plaintiff was in assuming that the attorney had prepared the deed correctly and in signing it without reading it and, perhaps, in furnishing the attorney with a prior deed containing a description of all three of the tracts. It is urged that this conduct characterized as negligence bars relief to the plaintiff, notwithstanding the effect is to leave the defendant William D. Tillett in the ownership of a farm that he never intended to buy and which he never paid for.

In 45 American Jurisprudence, 632, Section 78, it is stated:

"Although the term 'mistake' carries with it the idea of fault in him to whom the mistake is imputed, the mere fact that a mistake was made in an instrument does not show such negligence as to bar the right of reformation, for if that were so a court of equity never could interfere. It is not essential, therefore, that one seeking the aid of a court of equity to reform a contract show that he is wholly free from fault. Mere negligence not rising to the dignity of a violation of a positive legal duty, as negligence that is a mere inadvertence, does not preclude relief. Nor will relief be denied where, in the circumstances, the negligence of the party seeking relief is excusable."

The defendant William D. Tillett calls attention to

the fact that it was stated in his contract that the farm contained one hundred five (105) acres "more or less," and that if tract four is excluded he will receive only 70 acres. However that may be, he will get tracts two and three which he knew was all he was to get. The mistake, if any, was not as to the identity of the subject matter. The mistake related only to an opinion of the acreage in the subject matter. That mistaken opinion as to the acreage of tracts two and three does not justify the inclusion of tract four, never intended by the parties.

Finally, the defendant William D. Tillett pleads that he is an innocent purchaser for value. If the facts placed him in that category he would be protected and plaintiff could obtain no relief. The difficulty with defendant Tillett here is that he never intended to buy tract four. It is true that his deed included tract four, but the uncontradicted evidence is he understood that he was not buying it. Three elements are required to give one the status of a purchaser for value without notice—(1) he must be a purchaser, (2) he must have paid value, and (3) he must have no notice of the equity. The defendant lacks the first element.

As we view this case, it presents the classic case of failure to carry out the clear intent of the parties through a mistake. Equity favors carrying out the intent of contracting parties and whenever a writing fails to conform to such intent equity will reform it to make it conform, unless there is some overruling equity. We find no such superior equity in this case.

For these reasons, the court finds in favor of the plaintiff. A decree granting reformation may be prepared.

*Decree accordingly.*

Matthews, P. J., Ross and Hildebrant, JJ., concur.