Roger PERRON

v.

Armand J. LEBEL et al.

Supreme Judicial Court of Maine.

Sept. 4, 1969.

Paul A. Cote, Lewiston, for plaintiff.

Roscoe H. Fales, John D. Griffin, Lewiston, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

The Justice in the Superior Court ordered reformation of a contract for the sale of real estate on the ground of mutual mistake and specific performance of the contract so reformed. The appeal of the sellers is denied.

There was evidence from which the Justice could find the following facts:

Lucien Perron, father of the plaintiff Roger Perron, negotiated with the defendants for the purchase of their farm by Roger and of certain personal property on the father's account. In meeting with the defendants, Lucien was accompanied by a disinterested party, Bertrand Langelier, who prepared the following contract of sale which was signed by the defendants.

"April 21, 1967

I Armand Lebel and Mrs. Lena A. Lebel agree to sell our farm on Crowley Rd. in Webster to Roger Perron for the sum of $12,000.00 to be paid in the following manner. $200.00 on this day, the balance to be paid within 60 days of this date. Mr. Perron will pay this year's taxes.

> Signed    Armand J. LeBel
>              Lena O. Lebel

Witnessed
by me on this
date

Bertrand N. Langelier"

On April 23 and 24, 1967 the defendants unsuccessfully sought to cancel the sale; offering to return payments made plus $1,000.00. The plaintiff was found to be ready, willing, and able to buy and pay the purchase price within the time set in the written sale agreement. We are not concerned with the sale of personal property to the plaintiff's father.

Both parties, that is Lucien Perron and the owners of the farm, acted under the mistaken and mutual belief that part of the farm known as lot #3 had been excluded from the memorandum of sale. The agreement as drafted by Langelier and signed by the defendants, and acted upon by the making of the required payment, thus did not reflect the intentions of Langelier, the plaintiff or the defendants.

The plaintiff Roger, his father Lucien, and Langelier, the scrivener, all testified to like effect. The defendants offered no evidence in defense.

The evidence is ample under familiar principles to substantiate the findings of the Court on the issue of mutual mistake.

Young v. McGown, 62 Me. 56 cited by the defendants, holding that equity will not correct mistakes which might have been avoided by common and ordinary care and which are the results of negligence is not

in our view in point. *Young* is not a case of mutual mistake; but of mistake by a negligent creditor or a blundering sheriff is making a levy on land of a stranger. Here there is mutuality of mistake by the sellers and the buyer through his father.

■ The defendants further argue that the agreement could not be reformed to meet the understanding of the father Lucien and the sellers inasmuch as the litigation is not between the original parties to the instrument. In our opinion there is fully as much reason to protect the named purchaser in his action as would have been appropriate had his father been named as purchaser in the memorandum.

In Adams v. Stevens, 49 Me. 362, 365 the Court said, in turning a deed into a mortgage to correct the error of the parties:

"It is also objected that a decree reforming a mistake in a deed, can only be entered when the litigation is between the original parties to the instrument. Such is the general rule. But when a purchaser has knowledge of the mistake, and of the true intent and design of the deed, at the time of his purchase, he will stand in no better condition than the original parties to the instrument." Freeman's Bank v. Vose, 23 Maine, 98.

"In this case, as we have already seen, the defendant Trueman A. purchased with full knowledge of all the facts in the case. He paid a nominal consideration only. He is not, therefore, in the condition of an innocent purchaser for value, without notice, but is affected by all existing equities in the same manner as if he were an original party."

■ *Adams* does not deny recovery to the plaintiff; on the contrary, it supports his position. The sellers who shared in the mistake are defendants, and the plaintiff seller has no greater rights than those arising from his father, who made the same mistake. Justice requires that the beneficiary—here the son—have the rights open to the father, who negotiated the agreement with the defendants in his son's behalf.

"If specific enforcement of a duty owed to a donee beneficiary or to a creditor beneficiary is possible and in accordance with the rules of equity, a suit for such enforcement can be maintained. The suit may be brought either by the promisee or by the beneficiary." Restatement, Contracts, Sec. 138;

"Where specific performance is otherwise an appropriate remedy, either the promisee or the beneficiary may maintain a suit for specific enforcement of a duty owed to an intended beneficiary." Restatement, Contracts 2nd, Tentative Draft No. 3, Sec. 138; 4 Corbin on Contracts Sec. 810.

■ The reformed agreement is sufficient to remove the case from the bar of the Statute of Frauds, 33 M.R.S.A. Sec. 51(4).[1] There is excluded from the agreement a portion of the real estate covered in the instrument as originally drawn. The principle was stated by Justice Holmes for the Massachusetts court in upholding reformation of a deed which described the agreed parcel and something more given under an oral agreement in Goode v. Riley, 153 Mass. 140, 28 N.E. 228, 229, in these words:

"But the effect of the evidence is not to show that no conveyance was made. It is only to show that no conveyance was made of part of the land embraced in the description. Obviously, therefore, it would be most unjust simply to rescind the whole transaction, and, in order to

---

[1] "No action shall be maintained in any of the following cases:

\*      \*      \*      \*      \*

"4. Contract for sale of land. Upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them;

\*      \*      \*      \*      \*

"unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized; \* \* \*."

do complete justice, the grantor who has used too extensive language should have a reconveyance to set his title right on the face of the instrument; for, as things stand, a purchaser without notice could hold him to the words which he has used. Cross v. Bean, 81 Me. 525, 17 A. 710; O'Donnell v. Clinton, 145 Mass. 461, 463, 14 N.E. 747. If a purchaser were attempting to insert a parcel left out under similar circumstances, he would be met by the statute of fraud. But there is no such difficulty here. Glass v. Hulbert, 102 Mass. 24, 35."

Elder v. Elder, 10 Me. 80, relied upon by the defendants, in which reformation of a contract was refused, does not control. In *Elder* the party seeking reformation sought to add land to the amount described in the contract; in the present case the plaintiff seeks to exclude part of such land. The Court said at page 90:

"A deed conveys one farm, when it may be proved by parol that it should have conveyed two. Here equity cannot relieve, without violating the statute. To do so, would be to enforce a contract in relation to the farm omitted, without a memorandum in writing, signed by the party to be charged, or by his authorized agent."

The differences between the two cases are apparent. In *Elder* there was no written memorandum covering the land omitted; in the instant case the parties were found to have agreed orally to the contract to sell and buy a portion of the land described, evidenced by a sufficient memorandum in writing. The Court expressly did not pass upon the situation in which the contract as here included more land than the parties had intended.

 Lack of mutuality of remedy does not bar recovery by the plaintiff.

"So that if a mutual oral executory contract, valid at common law, be made, and one of the parties obtain from the other the 'note or memorandum' thereof contemplated by the statute, but does not give a corresponding one, he may enforce it although the other cannot, the former having secured, while the other has not, the evidence which the statute has made indispensable to its enforcement." Williams v. Robinson, 73 Me. 186, 194;

 We find no error in the decision of the Court below in reforming the memorandum of agreement to eliminate the mutual mistake of the parties and in ordering specific performance by the defendants of the agreement so reformed. After all, the defendants in complying with the Court's order will be doing no more than carrying out their agreement.

The Court within its discretion held the plaintiff not entitled to costs.

The Court below will make provisions consistent herewith for carrying out the order for specific performance.

The entry will be:

Appeal denied

DUFRESNE, J., did not sit.

TAPLEY, J., sat at argument but retired before the opinion was adopted.