**Beth EDMONDS**

v.

**George BECKER et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1981.

Decided Sept. 24, 1981.

---

* Wernick, J., sat at oral argument and in the initial conference but retired prior to adoption of this opinion.

Brooks & Dumas Law Offices, David L. Brooks, North Berwick, (orally), for plaintiff.

Bourque & Clegg, Ronald D. Bourque, (orally), Sanford, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

McKUSICK, Chief Justice.

Plaintiff Edmonds brought this action against her neighbors, the Beckers, to settle a dispute between them as to the boundary between their two parcels of land located in Wells. The Beckers counterclaimed for reciprocal relief. After a nonjury trial in York County, the Superior Court entered judgment establishing the boundary in favor of the Beckers. Plaintiff Edmonds appeals, arguing that as a matter of law the trial judge misinterpreted the relevant prior deeds and also that his factual determination of the location of the boundary line was clearly erroneous. We find no error and accordingly affirm the judgment.

The boundary line in issue is defined by descriptions in deeds of the middle and late nineteenth century. Prior to 1865 the land now owned by the Beckers was held by the Eldridge heirs and that of Edmonds, by one Littlefield. In 1865 the Eldridge land was conveyed to Butland and Gray in two crucial deeds containing the same description. One of the calls in that description starts at a turn in a ditch, a point the location of which is here agreed upon by the parties, and then reads:

> thence South twenty-seven degrees East three rods fourteen links to land of Alpheus Littlefield; thence North sixty-one degrees East twenty-six rods seven links to said "Beach Road" . . . .

The parties disagree as to whether the boundary between their parcels is in fact three rods and fourteen links from the turn in the ditch, or whether the land of Littlefield was actually farther south. The Beckers claim the latter, and the trial judge after reviewing the evidence agreed with them.

What constitutes a boundary is a question of law. *Abbott v. Abbott,* 51 Me. 575, 581 (1863). The settled rule is that the land of an adjacent owner is a monument, and that a call to a monument takes priority over a conflicting distance call. *Kinney v. Central Maine Power Co.,* Me., 403 A.2d 346, 350 (1979). The trial judge was therefore correct in concluding that the land of Littlefield was the controlling monument if it could be found.

The rule of deed construction that monuments control over distances is not an arcane relic of medieval conveyancing, but a rule conforming with common sense and the likely intent of the grantor. The intent of the parties is the principal guide to deed construction, *Kinney v. Central Maine Power Co., supra* at 349, and the law reasonably assumes that where a call in a deed runs to the land of an abutter, the grantor intended to convey the entire parcel to that point, and not to retain title in a narrow slice of land. Although the grantors of the 1865 deeds may have been mistaken as to the location of Littlefield's land and may have thought that its boundary was three rods fourteen links from the turn in the ditch,

the law sensibly treats them as intending to convey all their land as far as the land of Littlefield, wherever that line may actually have been.

 Plaintiff Edmonds points out that the present Edmonds and Becker parcels came under a single ownership for a period subsequent to 1865, and so at that time the boundary line now in dispute disappeared as the dividing line between the two owners. The line reappeared in 1885 as a bound of land conveyed by Butland to Gray. Edmonds urges that the 1885 conveyance permits her to use the Becker parcel as a monument for her parcel and to resolve ambiguities in the original deeds against the Beckers. However, the 1885 deed from Butland to Gray incorporates descriptions in earlier deeds, and those descriptions cannot be interpreted without reference to the Eldridge deeds of 1865. The boundary as reestablished was the same as the original line, and Edmonds cannot escape the rule that monuments control over distances.

 Once the legal question of what constitutes the boundary has been settled, the remaining question is where that boundary is located on the face of the earth. That question is one of fact. *Abbott v. Abbott, supra* at 581. As a fact determination, the trial judge placed the boundary, which as a matter of law he had defined as being at the "land of Alpheus Littlefield" in 1865, substantially farther than three rods fourteen links from the turn in the ditch. The evidence was such that we cannot say that his finding was clearly erroneous. The trial judge accepted the conclusions of the Beckers' surveyor Leblanc, who the judge found was the most credible expert witness. He was the only witness who had surveyed the land of both parties to the dispute. He had updated his survey with repeated ex-aminations of the property over a period of several years. His reconstruction of the boundaries of the parcels closely matched the calls in the relevant nineteenth century deeds regarding distances and courses, and also matched various monuments in the area. Plaintiff's surveyor Trafton surveyed only the Edmonds lot. He admitted that his survey matched hardly any of the calls in the prior deeds. The line he suggested was the boundary between the Edmonds and Becker parcels was not the line Edmonds ultimately asked the court to draw. Plaintiff's surveyor Lawson did not survey the property at all. He simply measured three rods fourteen links from the turn in the ditch and from that point drew two possible boundary lines, neither of which matched any existing monuments or property lines.

 Reliability of witnesses, including surveyors, is for the trier of fact. *Sargent v. Coolidge*, Me., 399 A.2d 1333, 1339 (1979); *Rusha v. Little*, Me., 309 A.2d 867, 870–71 (1973). On this record, the trial judge's finding as to the location of the disputed boundary was not clearly erroneous. That being so, the obvious proposition that distance calls govern where there are no monuments, *see Mosher v. Berry*, 30 Me. 83, 89–90 (1849), has no relevance.

The entry is:

Judgment affirmed.

All concurring.