OPINION
This case arose from a construction contract that listed as the contracting parties: plaintiff-appellant, Jack Crout d.b.a. MeadowWood Nursing Home, and defendant-appellee, D.E.R. Construction, Inc. ("Construction Company"). Crout appeals the decision of the Brown County Court of Common Pleas to reform the contract and substitute D.E.R. Building Company, Inc. ("Building Company") for Construction Company as the party to the agreement. For the reasons that follow, we affirm the decision of the trial court.
Dale Roe is the president of Building Company. Building Company was incorporated under Ohio law in 1997 to be a general construction business. Roe was also the president of Construction Company, which was also an Ohio corporation engaged in the business of general construction. Construction Company ceased doing business between 1997 and 1998.
Robert Wallace is the architect hired by appellant to design an eighty-six bed expansion of MeadowWood Nursing Home. Wallace solicited a bid for the project from Roe and two other construction companies. Wallace had worked with Roe and Construction Company on past projects.
Roe, using Building Company letterhead, sent Wallace a proposal for the expansion project. Roe later sent a revised proposal on a Building Company proposal form. He signed the proposal "Dale E. Roe, President of D.E.R. Building Company." After Wallace made alterations to the plans, Building Company again sent him a revised quote. Wallace and appellant awarded Building Company the construction contract.
Wallace completed a pre-printed "Standard Form of Agreement between Owner and Contractor" published by the American Institute of Architects. Wallace designated the "Contractor" on the first page of the agreement as "D.E.R. Construction[,] Inc." Although Roe reviewed the pay schedule and the tasks that were part of the contract, he failed to notice that Construction Company rather than Building Company was listed as the contractor. Roe signed the contract above the typed words: "Contractor, Dale Roe, Mr. Dale Roe, President." Although the agreement was technically between appellant and Construction Company, appellant addressed correspondence and made all checks payable to Building Company.
Appellant requested that Roe sign an agreement between appellant and National Bank and Trust Company regarding financing of the project. While reviewing the document, Roe noticed that Construction Company was listed as the contractor. Roe pointed out the error to appellant. Roe corrected the document by crossing out Construction Company and inserting Building Company. Roe initialed the changes and signed the document. Alerted by the error in the financing agreement, Roe reviewed the original agreement prepared by Wallace and found that it also erroneously listed Construction Company as the contractor. Roe notified appellant of the error. However, the parties never amended the original agreement.
At some point during the project, appellant became dissatisfied with Building Company's performance under the construction agreement. Appellant filed a demand for arbitration with the American Arbitration Association against Construction Company alleging a breach of contract. Under Article 4.5.1 of the agreement, the parties agreed to arbitrate any claims arising out of the construction agreement. While the arbitration was pending, appellant filed a complaint against Building Company alleging breach of an oral contract to construct an addition to the nursing home.
Building Company and Roe answered appellant's complaint and then filed a motion to stay proceedings pending arbitration. The trial court denied the motion on the basis that appellant had entered into a construction agreement with Construction Company, not Building Company. In the interim, Construction Company was made a party to the litigation. Building Company later renewed its motion to stay proceedings. The trial court again denied the motion. The trial court found that there had been no change of circumstances or new facts for the court to reconsider the merits of the motion and therefore res judicata and/or waiver applied.
Building Company, Construction Company and Roe (collectively, "appellees") moved the trial court for leave to file counterclaims seeking reformation of the contract. The trial court granted the motion. After conducting a hearing on the matter, the trial court ordered the reformation of the written agreement, substituting Building Company for Construction Company as the party to the agreement with appellant. The trial court concluded that Wallace, as appellant's agent, mistakenly listed Construction Company on the agreement when both parties intended Building Company to be the contractor. Appellant appeals the decision of the trial court and raises one assignment of error as follows:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT JACK CROUT IN ALLOWING AND ORDERING REFORMATION OF THE CONSTRUCTION CONTRACT BETWEEN APELLANT AND APPELLEE D.E.R. CONSTRUCTION, INC. SO AS TO SUBSTITUTE D.E.R. BUILDING COMPANY IN PLACE AND IN STEAD [SIC] OF D.E.R. CONSTRUCTION AS THE CONTRACTING PARTY TO THE CONSTRUCTION AGREEMENT.
Appellant's assignment of error raises two distinct issues for review. First, appellant argues that the trial court erred by granting appellees leave to amend their pleadings "because of the doctrines of waiver, resjudicata, and the failure of the party requesting the equitable remedy of reformation to have `clean hands'[.]" Second, appellant challenges the trial court's decision to reform the construction agreement. We will address each issue in turn.
Appellant first challenges the trial court's decision to grant appellees leave to file a counterclaim. Appellant argues that the trial court's denials of Building Company's motions to stay proceedings operates as a bar to grant leave to file a counterclaim because of waiver, estoppel and res judicata. Appellant also contends, without argument, that the trial court should not have granted leave to amend pleadings because appellees have "unclean hands."
The grant or denial of leave to amend a pleading is discretionary.Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122; see, also, Civ.R. 15(A) ("Leave of court [to amend pleadings] shall be freely given when justice so requires.") When a party fails to assert an available counterclaim in a responsive pleading and the time for amending the pleading as a matter of right under Civ.R. 15 has passed, the trial court may permit the party leave of court to include the counterclaim. Civ.R. 13(F); Josselson v. Josselson
(1988), 52 Ohio App.3d 60, 61; Nat'l City Bank v. Fleming (1981),2 Ohio App.3d 50, 54. The trial court is vested with discretion to permit leave of court when "justice requires" or when the party has omitted the counterclaim through oversight, inadvertence or excusable neglect. Id. A reviewing court will not reverse a trial court's decision to grant or deny leave to amend a pleading absent an abuse of discretion. See, e.g., Wilmington Steel Products, Inc. at 122. The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
The trial court in this case granted appellees' motion for leave to amend pleadings so that Construction Company could assert a counterclaim against appellant seeking reformation of the contract. The trial court granted the motion "in the interest of justice." Appellant sought arbitration against Construction Company for breach of a contract upon which Construction Company had apparently never performed. Appellant had sued Building Company for breach of an oral contract because it was not technically a party to the written contract and was the business entity performing the work. Building Company attempted twice to stay the proceedings pending the outcome of the arbitration. However, Building Company was not listed as party to the written contract and could not seek to stay the litigation pursuant to a contract to which it was not a party. It was in the interest of justice and resolution of the parties' disputes that the trial court permitted Construction Company leave to assert a counterclaim for reformation of the contract. The trial court's decision was not an abuse of discretion.
Appellant does not argue that the trial court abused its discretion by granting leave to appellees. Appellant largely contends that resjudicata or estoppel bar the court from allowing the amended pleading. Appellant's argument is based on the trial court's denial of Building Company's motions to stay proceedings pending arbitration. In support of this argument, appellant notes that the same attorney initially represented Building Company and Construction Company.
The doctrine of res judicata includes both claim preclusion and issue preclusion (also known as collateral estoppel). Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under claim preclusion, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Therefore, in order for a claim to be barred on the grounds of claim preclusion, a valid, final judgment must have been rendered upon the merits and an identity of parties or their privies must exist. Ameigh v. BaycliffsCorp. (1998), 81 Ohio St.3d 247, 249. Issue preclusion bars the relitigation, in a second action, of an issue that has been "actually and necessarily litigated and determined in a prior action." Id. Where a judgment is rendered on grounds not involving the merits of the case, that judgment cannot be used as a basis for res judicata. CrestmontCleveland Partnership v. Ohio Dept. of Health (2000), 139 Ohio App.3d 928,933.
Neither claim preclusion nor issue preclusion is applicable to this case. First, there is no identity of parties. Building Company filed the original motions to stay. Construction Company was not a party to the litigation when Building Company filed the motions. No one disputes that Building Company and Construction Company are two distinct Ohio corporations. Despite appellant's suggestions to the contrary, it is insignificant that the same attorney initially represented both corporations. Corporations do not become privy with one another just because they share the same legal counsel.
Second, there is no final judgment on the merits to be given preclusive effect. Neither entry denying the motions to stay is a final decision adjudicating the merits of the case. The entries are simply the trial court's rulings on two pretrial motions in a pending case.
Appellant also contends that the trial court erred by granting leave to appellees to amend their pleadings because of the "doctrine of waiver" and because appellees have "unclean hands." Appellant has failed to support these contentions with any legal authority, and has failed to provide an authoritative argument demonstrating that waiver and unclean hands applies to a trial court's decision to grant leave to file a counterclaim under Civ.R. 13(F).
App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v. Watson (1998), 126 Ohio App.3d 316, 321. Therefore, we disregard appellant's waiver and unclean hands arguments because of appellant's failure to comply with App.R. 16(A). The trial court's decision to grant appellees leave to file a counterclaim was not an abuse of discretion.
Appellant next contends that the trial court erred by reforming the agreement on the basis that there was a mutual mistake of fact among the parties. Appellant argues that reformation is precluded because of Roe's negligence in failing to notice that Building Company was not named as a party to the agreement.
An appellate court shall not reverse a trial court's decision to grant or deny equitable relief such as reformation absent an abuse of discretion. Sandusky Properties v. Aveni (1984), 15 Ohio St.3d 273,274-275; Fifth Third Bank v. Simpson (1999), 134 Ohio App.3d 71, 73. In addition, an appellate court must not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court. Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id.
A trial court may reform a contract where there is proof that the parties made a mutual mistake of fact and both parties understood the contract as the complaint alleges it ought to have been. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 736; Merrill v. City of Hamilton
(1982), 9 Ohio App.3d 111, 112. A mutual mistake of fact is present where a mistake by both parties as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances. Reilley v. Richards (1994), 69 Ohio St.3d 352, 353;Pharmacia Hepar, Inc. v. Franklin (1996), 111 Ohio App.3d 468, 478. The intention of the parties with respect to the subject matter of the contract must have been frustrated by the mutual mistake. Reilley,69 Ohio St.3d at 353. Where reformation of a contract is sought on the basis of mistake, the party seeking reformation must establish the existence of the mistake by clear and convincing evidence. See, e.g., Shear v. W.Am. Ins. Co. (1984), 11 Ohio St.3d 162, 164. Clear and convincing evidence is that evidence necessary to elicit in the mind of the trier of fact a firm belief or conviction as to the allegations to be established. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Although the term "mistake" implies fault in the party to whom the mistake is imputed, the mere fact that a mistake was made in an instrument does not bar the right of reformation of a contract. Hartmanv. Tillett (1948), 86 Ohio App. 20, 23. Mistakes rarely occur in the absence of some form of negligence by a party or an agent of the party. See id. Therefore, it is not essential that the party seeking the reformation of a contract show that he is wholly free from fault. Id. Negligence that is mere inadvertence or excusable does not preclude reformation of a contract to conform to the intention of the parties.Id.; Greenfield v. Aetna Cas. Sur. Co. (1944), 75 Ohio App. 122, 130;Foley v. Lipka (Nov. 3, 1988), Highland App. No. 673, unreported.
Wallace acted as appellant's agent when he completed the pre-printed form of agreement. Roe, using Building Company letterhead, sent Wallace a proposal for the expansion project. When Roe later sent a revised proposal, it was on a Building Company proposal form and he signed the proposal "Dale E. Roe, President of D.E.R. Building Company." After Wallace made alterations to the plans, Building Company again sent him a revised quote. The trial court found that there was no evidence that Roe ever presented himself during this time to Wallace or appellant as president of Construction Company. Although Wallace believed he was correct when he listed Construction Company as the contractor, he was mistaken.
The evidence presented at the trial court demonstrated that Building Company was the party performing pursuant to the agreement, and appellant treated Building Company as if it were the named contractor. The "Notice of Commencement" filed with the Brown County Recorder's Office indicated that Building Company was the contractor. Checks were drawn and made payable to Building Company. Appellant signed the checks. Building Company received the checks to deposit in its account.
We agree with the trial court that Roe's failure to notice that Construction Company was incorrectly substituted for Building Company on the contract was mere inadvertence. Appellant and Wallace are as much to blame for error as Roe. The fact that none of the parties noticed the mistake underscores its mutuality. Building Company and appellant were under the basic assumption that they were entering into a contract for the expansion of the nursing home. The resulting agreement frustrated the intentions of the parties by listing as the contractor a corporation that no one expected to perform under the agreement.
Accordingly, the trial court's decision to reform the agreement is supported by competent, credible evidence and does not constitute an abuse of discretion. Appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.